ALFRED H. NEWBURGER et al., Appellants, *v.* JACOB J. LUBELL, Respondent.

384

(Argued October 21, 1931; decided November 17, 1931.)

*Osmond K. Fraenkel* for appellants. The complaint states a sufficient cause of action for a declaratory judgment. (*James* v. *Alderton Dock Yards, Ltd.,* 256 N. Y. 298; *Matter of Webster* v. *Van Allen,* 217 App. Div. 219; *Matter of Newburger* v. *Gold,* 255 N. Y. 532.) The complaint is sufficient as an action specifically to enforce the arbitration agreement. (*Matter of Webster* v. *Van Allen,* 217 App. Div. 219.)

*Julius Henry Cohen* and *Kenneth Dayton* for Chamber of Commerce of the State of New York, *amicus curiæ.* The relief demanded in the complaint is appropriate to

the facts pleaded, is authorized by statute, and is necessary to the effective administration of justice and enforcement of the Arbitration Law. (*Corr* v. *Hoffman*, 256 N. Y. 254; *Matter of Webster* v. *Van Allen*, 217 App. Div. 219; *Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills*, 239 N. Y. 199.)

*Isaac Cohen* for respondent. Plaintiffs have not stated a cause of action for a declaratory judgment, and should have resorted to a remedy at law which is fully adequate or to a petition for arbitration. (*Loesch* v. *Manhattan Life Ins. Co.*, 128 Misc. Rep. 232.)

CARDOZO, Ch. J. The question to be determined is whether the Appellate Division exercised its discretion erroneously in holding the complaint insufficient to require the court to proceed to a declaratory judgment.

The plaintiffs, a firm of stockbrokers, bought and sold securities for the defendant, and carried them for his account, under a written agreement that any controversy arising between the parties to the account should be determined by arbitration. As the result of their transactions, the defendant became indebted to the plaintiffs on January 2, 1931, in the sum of $48,937.23, which indebtedness the defendant is alleged to have confirmed and approved. In partial liquidation of this debit balance the plaintiffs applied securities belonging to the defendant's brothers of the value of $34,374.26, under a claim that such use was authorized by the terms of guaranties in writing. The brothers have contested the plaintiffs' right to apply the securities or the proceeds upon account of the defendant's debt, and have submitted the controversy to the decision of arbitrators. To that arbitration the defendant is not a party. If the use of the proceeds is confirmed by the arbitrators the balance due from the defendant will be reduced to the sum of $14,562.97; if it is not confirmed, the debit balance will be left at

$48,937.23, the figure at which it stood at the close of the account.

The plaintiffs say that they do not know of any controversy now existing between themselves and the defendant. They have requested the defendant to advise them whether he claims that any controversy exists, but he has not responded to the call. They are fearful that an action at law to recover the balance due may be deemed to be a waiver of the right to resort to arbitration if thereafter it shall develop as the result of the defendant's answer or otherwise that a controversy exists, and they are fearful, on the other hand, that a petition at this time for the appointment of an arbitrator may be met by the objection that in the absence of a controversy there is no need of the appointment, and nothing to decide.

Accordingly, they demand judgment declaring that no controversy exists between them and the defendant, and for the sum of $48,937.23, upon which judgment they agree to credit any sums received from the defendant's brothers pursuant to the guaranties; or in the alternative, if any controversy exists, that arbitration be directed to proceed in accordance with the contract.

A suit for a declaratory judgment is a discretionary remedy (Civ. Prac. Act, § 473), which may be withheld if existing forms of action are reasonably adequate (Rules Civ. Prac. rule 212). Adequate we think they are.

The plaintiffs may sue at law and reduce their claim to judgment. If the defendant does not contest the debt, they will have judgment by default. On the other hand, if he does contest, with the result that a controversy develops, they will be free to discontinue, and get the benefit of the contract that whatever controversy arises shall be settled by arbitration. We see no force in the objection that a waiver or abandonment of the benefits of arbitration could be inferred from the mere commencement of an action in the absence of notice that a

controversy existed. "Waiver is an intentional abandonment or relinquishment of a known right" (*Alsen's A. P. C. Works* v. *Degnon Contracting Co.*, 222 N. Y. 34).

The plaintiffs are not restricted, however, to an action at law. If the defendant fails to pay the debt and refuses to declare himself as to the reason for the failure, leaving the plaintiffs uncertain whether he contests it or not, they may file their petition under section 3 of the Arbitration Law (Cons. Laws, ch. 72), alleging their uncertainties and praying that the defendant be required to submit to arbitration whatever controversies exist. If the defendant in response to the petition disclaims any controversy and concedes the debt, the court will not appoint arbitrators to compose a non-existing difference or one not within the scope of the defendant's promise (cf. *Matter of Fletcher*, 237 N. Y. 440; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284; *City of Omaha* v. *Omaha Water Co.*, 218 U. S. 180, 195), but the defendant may be estopped in such circumstances from interposing a defense thereafter (*Sturm* v. *Boker*, 150 U. S. 312, 333, 334). On the other hand, if the defendant remains obstinately silent, the court may infer from the very fact of silence that the petitioner's demand is not so plainly and fully uncontested as to make resort to arbitration useless, and may then proceed to a decree accordingly. One who has become a party to a contract for the arbitration of future differences must live up to his engagement according to its spirit. He will not be permitted to wrest it from its purpose and turn it into a shallow form by taking refuge in a disingenuous silence or in subtle and adroit evasions.

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.