UTICA MUTUAL INSURANCE COMPANY, Respondent, v. BEERS CHEVROLET CO., INC., Appellant, Impleaded with NELSON WARREN and Others, Defendants.

Fourth Department, March 10, 1937.

*Edmund S. Brown* [*Harold J. Adams* with him on the brief], for the appellant.

*Philip A. Sullivan*, for the respondent.

CROSBY, J.   This is an action for a declaratory judgment brought under section 473 of the Civil Practice Act.   The appeal is from an order denying a motion, made by appellant, to dismiss the complaint on the ground that it does not state a cause of action, (Rules Civ. Prac. rule 106.)

The complaint alleges that plaintiff issued to defendant Oldham a policy insuring him against liability for damage caused by insured's " ownership, maintenance or use " of a certain Ford automobile. The complaint alleges that the policy contained a provision to the effect that plaintiff should not be bound by any change of interest in the car, excepting that, in case of the death, bankruptcy or insolvency of the insured, the protection of the policy extended to his legal representative.

The complaint further alleges, in substance, that the car in question, while being driven by defendant Waters, and carrying defendant Acer as a passenger, came into collision with a car owned by defendant Warren, and that defendant Acer has already brought an action for damages against defendants Oldham, Waters and Warren, and that other suits are threatened as a result of the collision.

The complaint further alleges that on the day before the accident, its assured, defendant Oldham, had negotiations with defendant Beers Chevrolet Co., Inc., the appellant, as a result of which the title to the Ford car may have passed from Oldham to Beers Chevrolet Co., Inc.   The complaint alleges that plaintiff is unable to learn for a certainty whether or not the title to the car actually passed, and for that reason, is unable to determine whether or not it owes the duty to defend Oldham, its insured, in the action brought by defendant Acer.   The complaint alleges, in substance, that plaintiff will be in the same quandary if other actions, growing out of the accident, are brought by other parties.   The complaint does not inform us whether or not 'there are any persons, other than defendants to this action, who were involved in the accident as passengers, drivers or innocent bystanders, so that we are not sure that all parties who have, or could have, an interest in the subject-matter  of this litigation  are in court.   The complaint prays for a judgment declaring that, before the accident, the title to the Ford car did pass from defendant Oldham to defendant Beers Chevrolet Co., Inc., and that plaintiff owes no duty to defend Oldham in the action brought by defendant Acer, or to defend

" any other action instituted against him arising out of said accident."

Viewed liberally we may treat the motion as one attacking the sufficiency of the complaint to show a proper case for the relief afforded by section 473 of the Civil Practice Act. That section is a comparatively new one in our practice, and limitations upon its use have not been fully determined; but there is one rule that seems to be definitely settled, namely, that permission to resort to the section is a matter of sound judicial discretion. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305.)

In that case it was said: " It [resort to an action for declaratory judgment] is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action."

In another case in the Court of Appeals it was said: " A suit for a declaratory judgment is a discretionary remedy  *  *  *  which may be withheld if existing forms of action are reasonably adequate." (*Newburger* v. *Lubell*, 257 N. Y. 383, 386.)

And again the Court of Appeals has said: " Jurisdiction in an action for a declaratory judgment is discretionary." (*Bareham* v. *City of Rochester*, 246 N. Y. 140, 143.)

These cases proceed upon the authority of rule 212 of the Rules of Civil Practice: " If, in the opinion of the court, the parties should be left to relief by existing forms of actions, or for other reasons, it may decline to pronounce a declaratory judgment, stating the grounds on which its discretion is so exercised."

Plaintiff seeks to try, in this action, the question whether or not the title to the car in question passed from defendant Oldham to defendant Beers Chevrolet Co., Inc., before the accident. The insurance policy which plaintiff made contains two provisions of particular interest to us. One is section IV, which reads: " This policy shall exclude any obligation of the Company  *  *  *  as respects the automobile if sold  *  *  *  without the written consent of the Company."

And section II (3b) reads as follows: " The Company further agrees  *  *  *  to defend in his [assured's] name and behalf any suit against the assured  *  *  *  even if such suit is groundless," etc.

In this dilemma plaintiff sees, of course, that it has to try a law suit somewhere. It brings, and wants to try, this suit, in order to determine whether it owes the duty to defend Oldham in the negligence suit. It argues that if the title to the car did not pass from Oldham it owes him the duty to defend him in the negligence action; and that if the title did pass from Oldham the plaintiff does not have even the right to intervene in his defense.

Plaintiff is only complicating matters by bringing this action. Oldham has been sued, there is no doubt about that. *Prima facie*, at least, plaintiff owes the duty to defend him. The burden is on plaintiff to show that it is relieved of that duty by reason of the fact that Oldham had disposed of the car. Plaintiff knows it has that burden for it brings this action to discharge itself of that duty. It is just as easy for plaintiff to establish Oldham's non-ownership of the car in the negligence action as in this action. Plaintiff may set up that issue in its answer in the negligence action and try it. If plaintiff fails in that defense then plaintiff will know that its suspicions about the title having passed to Beers Chevrolet Co., Inc., were groundless, and it will have the satisfaction of knowing it performed its duty to Oldham under its contract. The only hardship plaintiff can suffer from having to try the issue of car ownership in the negligence action instead of this action is the hardship of winning, for then it will appear to have been put to the defense of an action it was not in duty bound to defend. But the hardship of winning should not be hard to bear, since it will cost no more to try the issue in the negligence action than to try it in this action. The same witnesses will be required in either case.

Of course it is possible that the plaintiff supposes there may be some advantage to it in trying the issue before Special Term without a jury. But there are two answers to that proposition: (1) Under rule 213 of the Rules of Civil Practice the issue of fact may be sent to a jury, and (2) the remedy afforded by section 473 of the Civil Practice Act was never intended to afford a sanctuary of escape from trying jury issues before a jury.

In addition to that, the complaint alleges the probability of other suits, against Oldham, growing out of this accident. The complaint does not allege that the defendants, named in this action, are all the persons involved in the accident. So far as appears there may have been passengers in Warren's car, and there may have been other passengers than Acer in the Ford car driven by Waters. No one could be bound by a declaration made in this case excepting the parties to it. And even as to them we think plaintiff should, in the exercise of discretion, be denied resort to declaratory judgment, on the ground that full and adequate relief is available to plaintiff in the negligence action already pending against plaintiff's assured.

The order appealed from should be reversed on the law and the facts, with costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

All concur. Present — EDGCOMB, THOMPSON, CROSBY, LEWIS and CUNNINGHAM, JJ.

Order reversed on the law and facts (as a matter of discretion), with ten dollars costs and disbursements, and motion granted, with ten dollars costs.