THE OKLAHOMA PUBLISHING COMPANY, Respondent, Appellant, *v.* PARSONS & WHITTEMORE, INC., Appellant, Respondent.

First Department, December 23, 1938.

*Joseph A. Nickerson* of counsel [*Stanley D. Brown* and *E. Douglas Hamilton* with him on the brief; *Sackett, Chapman, Brown & Cross,* attorneys], for the plaintiff.

*Joseph H. Choate, Jr.,* of counsel [*Ralph E. Reynolds* and *Dickerman Hollister* with him on the brief: *Evarts, Choate, Curtin & Léon,* attorneys], for the defendant.

GLENNON, J. Plaintiff commenced this action at law against defendant to recover damages for breach of what purports to be

a written contract dated January 8, 1937. The writing was signed on behalf of defendant by J. J. Nolan, manager of its newsprint department. The defense is that Nolan was not an officer of defendant; that he had no authority to enter into a contract on its behalf; and that the paper he signed had on its face the following statement: " This contract is * * * valid only when signed by an officer of the company."

The so-called contract provided for the sale and delivery by defendant to the plaintiff of a certain number of tons of newsprint at an agreed price, shipments to be made during a stated period. No shipments were ever made. There is contained in the writing an arbitration clause which reads as follows: " Any dispute between the parties under this contract, it is agreed, shall be submitted to arbitration in New York City, of which the Buyer and Seller will each select an arbitrator, and the arbitrators shall select an umpire, and the decision of the Board will be final with both parties.

Beginning with the month of July, 1937, and running through November of that year, considerable correspondence passed between the parties. On November 27, 1937, defendant wrote to plaintiff's general counsel that it did not consider that there was ever any contract between it and plaintiff and, in substance, disclaimed any liability. Defendant stated in part: " If, however, you still believe that a binding obligation existed, we suggest, as economical of time and expense to both parties, an immediate arbitration, possibly preceded by an attempt to settle the controversy by conference. If our understanding of the situation is correct, and you have actually obtained from other sources, at little or no additional cost, paper to replace that which you hoped to receive from us, the amount involved may be moderate enough to make a settlement readily possible."

Subsequent to the receipt of this letter conferences were held by the counsel representing both parties. Instead of reaching an amicable adjustment, the representatives of the parties lost their patience, to say the least, with the result that the conferences were terminated and no arbitration was had.

Prior to the institution of this suit, the plaintiff claimed that it had a valid written contract with defendant. The latter asserted that no contract existed. On or about May 3, 1938, plaintiff served a summons and complaint upon defendant based upon a breach of contract. Defendant on May 23, 1938, served its answer. Neither in the complaint nor in the answer was any reference made to the arbitration clause, which we have already quoted. After issue was joined, plaintiff made a motion based upon a petition and affidavits for the following relief: *First*, that

the answer be stricken out and summary judgment against the defendant be entered, and that an assessment be had to determine the amount of damages due plaintiff; *second*, in the event that summary judgment should be denied, that an order be entered directing that arbitration proceed upon the alleged contract. Plaintiff, in its memorandum at Special Term and in an affidavit of counsel on a motion for reargument, offered to discontinue the action at law in the event that the motion for summary judgment should be denied and the application for an order directing arbitration should be granted. However, the notice of motion did not contain any suggestion to that effect.

The court at Special Term denied plaintiff's motion for summary judgment and granted its alternative request for arbitration to the extent of setting down for trial the issue of fact as to whether or not a contract existed between the parties. The court held in abeyance the request made by plaintiff to permit the discontinuance of the action pending the result of the trial in the arbitration proceeding. In addition thereto, the court denied defendant's cross-motion to dismiss the petition for arbitration.

It is our opinion that plaintiff irrevocably waived and abandoned its rights under the arbitration clause by commencing its action at law for breach of contract. In *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15, at p. 19) Judge CRANE said: " The facts in this case show that the parties elected to settle their disputes not by arbitration but in a court of law. The arbitration provision of the contract was abandoned or waived. The plaintiffs made their election when they brought their action against the defendant ignoring the agreement to arbitrate. The defendant made his election when he answered, setting up a counterclaim upon which he asked the court to give judgment against the plaintiffs, gave notice of trial and procured an order for the taking of a deposition in preparation for trial. These acts were clearly inconsistent with the defendant's later claim that the parties were obligated to settle their differences by arbitration." (See, also, *Matter of Young* v. *Crescent Development Co.*, 240 N. Y. 244; *Nagy* v. *Arcas Brass & Iron Co.*, 242 id. 97.)

In *Matter of Haupt* v. *Rose* (265 N. Y. 108) Judge CROUCH, writing for the court, said: ":Rose claimed to be the aggrieved party; the offensive lay with him. By tradition a defendant may ordinarily let a sleeping dog lie until he is in danger of being bitten; though he may play with the danger too long. * * * When Rose served his complaint, Haupt & Co. was entitled to have its sufficiency tested and, in any event, to have it framed as required by law before an imperative duty arose to make an election. The

choice of tribunal at that point rested with Haupt & Co. By its answer it might accept or decline the invitation tendered by Rose."

The defendant in this case, by its answer, accepted the invitation tendered by plaintiff to contest the claim at law. It had the right to demand arbitration before the service of an answer or in its answer, since the controversy with reference to the existence of a contract had been sharply defined. Its election to continue at law is binding upon the plaintiff which claimed to be the aggrieved party.

Plaintiff contends that the authorities upon which defendant relies have been overruled by the case of *Newburger* v. *Lubell* (257 N. Y. 383). With this contention we do not agree. The facts are distinguishable. Lubell had a trading account with the plaintiffs, a firm of stockbrokers. There was a written agreement that any controversy arising between the parties to the account should be determined by arbitration. Lubell refused to advise the plaintiffs whether or not he claimed that any controversy existed. Chief Judge CARDOZO said (at p. 386): " They are fearful that an action at law to recover the balance due may be deemed to be a waiver of the right to resort to arbitration if thereafter it shall develop as the result of the defendant's answer or otherwise that a controversy exists, and they are fearful, on the other hand, that a petition at this time for the appointment of an arbitrator may be met by the objection that in the absence of a controversy there is no need of the appointment, and nothing to decide."

Plaintiffs in that case instituted an action for a declaratory judgment to have it decreed that no controversy existed between them and Lubell, or if a controversy was found to exist, " that arbitration be directed to proceed in accordance with the contract." The court held that there was no necessity for resorting to a declaratory judgment and as a result the dismissal of the complaint was affirmed. Then by way of suggestion or information, Judge CARDOZO said: " The plaintiffs may sue at law and reduce their claim to judgment. If the defendant does not contest the debt, they will have judgment by default. On the other hand, if he does contest, with the result that a controversy develops, they will be free to discontinue, and get the benefit of the contract that whatever controversy arises shall be settled by arbitration. We see no force in the objection that a waiver or abandonment of the benefits of arbitration could be inferred from the mere commencement of an action in the absence of notice that a controversy existed."

In the present case the purpose of plaintiff's action was not to determine whether a controversy existed. Plaintiff, at the time it instituted its suit in the early part of May and prior thereto, knew the defendant took the position that no contract existed between the parties since Nolan, who was not an officer, had no authority to bind it. Further, it asserted that Nolan's act in signing the contract was not ratified by it.

Plaintiff, in the first instance, before suit was started, could have proceeded under the provisions of article 84 of the Civil Practice Act relating to arbitration. Since it saw fit not to do so, it must be held to be bound by the election it made.

For the reasons assigned, the order entered at Special Term should be reversed in all respects except in so far as it denies summary judgment in plaintiff's favor, and defendant's cross-motion to dismiss the petition seeking arbitration should be granted, with twenty dollars costs and disbursements to the defendant. Defendant's appeal from the order denying its motion for reargument should be dismissed.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Order entered September 21, 1938, denying, upon reargument, defendant's cross-motion to dismiss the proceedings to compel arbitration, unanimously reversed in all respects, except in so far as it denies summary judgment in favor of plaintiff, and defendant's said cross-motion granted, with twenty dollars costs and disbursements to the defendant. Appeal from order denying defendant's motion for reargument of plaintiff's motion for summary judgment and for other relief, dismissed.