26 So.2d 545

**ZAYATZ v. SOUTHERN RY. CO.**

8 Div. 343.

Supreme Court of Alabama.

May 16, 1946.

Rehearing Denied June 27, 1946.

Wm. F. McDonnell, of Sheffield, and Robt. A. Harris and Chelsea O. Inman, both of St. Louis, Mo., for appellant.

A. H. Carmichael, of Tuscumbia, W. H. Mitchell and Bradshaw & Barnett, all of Florence, and Benners, Burr, Stokely & McKamy, of Birmingham, for appellee.

BROWN, Justice.

This is not an action under the Federal Employers' Liability Act, § 1 et seq., 45 U.S.C.A. § 51 et seq. Nor is it a bill seeking to cancel and annul a contract wholly or in part *executory* on the ground that it was procured by fraud. As stated by appellant in brief, it "is an action under the Uniform Declaratory Judgment Act of 1935. Code of Alabama 1940, Title 7, § 151 (§ 156) et seq." seeking to establish by judicial decree the validity of a contract fully executed by both parties, and have their rights and status declared thereunder.

Section 157 of Title 7, Code 1940, dealing with the power and jurisdiction of courts of record to entertain proceedings for declaratory judgments, provides:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status or other legal relations are *affected* * * * may have determined any question of construction or *validity* arising under the instrument, * * * and obtain a declaration *of rights,* status, or other legal relations thereunder." [Italics supplied.] And Section 164 provides for jury trial.

This appeal is from an interlocutory decree of the Circuit Court of Lauderdale County overruling the demurrer of defendant Zayatz to the bill filed by the complainant Southern Railway Company and his motion to dissolve the temporary injunction granted to preserve the status quo, pendente lite. The bill alleges that the complainant (a Virginia corporation) engaged in the business of an interstate common carrier through Alabama, and qualified to engage in business therein, on the 28th day of February, 1945, having as one of its employes the respondent Zayatz, a resident citizen of Lauderdale County, Alabama; and while engaged in its employment as a switchman handling interstate business sustained bodily injuries, necessitating the amputation of both of his legs above the knees. That on April 12, 1945, the complainant made a settlement with Zayatz for the injuries and damage which he suffered, paying him therefor the sum of $10,000; that said Zayatz then and there executed to the complainant a written release or contract duly signed by the said Zayatz, copy of which is attached to and made a part of the averments of the bill, stipulating:

" * * * That for and in consideration of the agreement of the Southern Railway Company to pay to the above named payee the sum of ...... Ten Thousand and 00/100 ........... Dollars, *I* the undersigned A. J. Zayatz do hereby release and forever discharge the said Southern Railway Company the .......... Company from all claims, demands, actions, rights of action, now or hereafter *existing,* either at law or in equity * * * and from liability for payment of any further sum or sums of money or for render of other satisfaction, for and because of, or growing out of, the following mentioned matter and claim, viz.

| Date of Acct. Feb. 28, 1945 This space for Treasurer's use. | For injuries received by me, *A. J. Zayatz* at or near *Sheffield, Alabama.* on or about the *28th day of February, 1945,* and all results attending or following said injuries. |
|---|---|
| Credit to Account. | No promise with regard to any future employment has been made as a part of the consideration of this release. |
| Credit Account | $10,000.00 |

Credit account George T. Dallas, Claim Agent,
*Draft No. 1107, Dated 4/12-45*
Given under *My* hand and seal, this *12* day of *April, 1945.*

"*A. J. Zayatz* (Seal)."

The bill alleges that said sum of money was paid to the respondent by check or draft, which he endorsed and collected; that said paper writing signed by the respondent constitutes a valid and binding release or contract or settlement between respondent and complainant of any and all claims, demands, actions or rights of action of respondent against the complainant for and because or growing out of the injuries received by the respondent, as stated above. That complainant has been notified by an attorney at law employed by respondent to represent him in the prosecution of a claim against the complainant for damages on account of said alleged injuries that said respondent desires to repudiate and rescind the release or contract of settlement executed by him on the 12th day of April, 1945. That complainant is threatened with an action for damages against it by the respondent for and on account of said injuries received in a court in St. Louis, in the State of Missouri, which point is approximately 500 miles distant from Sheffield, Alabama, the point where the accident referred to hereinabove occurred. That to defend such suit on other grounds than that it has made full satisfaction for the injury and damages suffered and has been released from all further claims therefor, it will suffer loss in the interruption of its business; be subjected to the expenditure of large sums of money for procuring testimony and the attendance of witnesses and their transportation to and from the place of trial, which will be saved to it if said release is held valid.

The bill, to state its substance, further alleges that there now exists an actual controversy between it and the respondent as to whether the instrument executed by the respondent constitutes a valid and binding release or contract of settlement between respondent and complainant of any and all claims, demands, actions, rights of action of respondent against the complainant for and on account of or growing out of the injuries received by the respondent, as stated above. That there is no action presently pending in which such right could be tested or litigated. The bill prays for the issu-ance of process making Zayatz party respondent and that he be restrained pendente lite from filing and prosecuting a suit against complainant, and that a decree be entered upon final hearing declaring the rights of complainant and respondent under and by virtue of said written instrument executed by the respondent, and for general relief.

The demurrer challenged the sufficiency of the bill for want of equity; that it affirmatively appears that the complainant has an adequate remedy at law; that the validity of said release could be tested and litigated in an action under the Federal Employers' Liability Act; that this proceeding seeking a declaratory judgment and injunction pendente lite violates §§ 5 and 6 of the Federal Employers' Liability Act. The motion to dissolve the injunction was rested on like grounds.

■ Appellant's first contention, as stated in brief, is that: "While the Declaratory Judgment Act does provide that any interested person may have determined 'any question of construction or validity arising under the contract and obtain a declaration of rights, status or legal relation thereunder,' we think it clear by the weight of authority, including Alabama, that the Act was not intended to authorize anything more than a construction of the terms of the contract involved. It does not authorize the trial and determination of disputed questions of fact nor does it permit the determination of the validity of a defense which may be interposed in another action."

The argument is, "Now there is no question of construction of the instrument pleaded in the instant case. It is plain and unambiguous. It purports to be a release contract and is such an instrument. No uncertainty appears upon the face of the instrument. Whether the instrument is a complete and valid defense to any cause of action for damages that may be asserted by respondent against complainant is not a question of construction. If respondent is to avoid the plain legal effect of the contract he will find nothing in the language of the instrument itself to afford

him any relief. If it is invalid, void or voidable, it must be upon some grounds dehors the instrument itself. The questions that may be presented, such as fraud, misrepresentation, or mistake, are matters calling for evidence outside of the contract itself and it must be presumed, would involve purely disputed questions of fact."

This contention and argument is answered by the provisions of § 164, Title 7, Code of 1940, authorizing trial by jury, which provides:

"When a proceeding under this article involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Berman v. Wreck-A-Pair Bldg. Co., 236 Ala. 301, 182 So. 54; Teal v. Mixon, 233 Ala. 23, 169 So. 477.

The appellant in the oral argument conceded that if the release executed by Zayatz was executed freely without deception or coercion, with full understanding of the nature and extent of his injuries, and the court should so decree in the instant case, this would be res adjudicata and constitute a full defense to an action for the injuries and damages which respondent suffered. On the other hand, if the court decrees the release and settlement invalid, Zayatz's rights to proceed would be unincumbered thereby, if he repaid to the complainant the money which he received from it.

■ Appellant further insists that complainant, if, when and where the respondent elects to sue under the Employers' Liability Act, will have a complete and adequate remedy, in that it may plead said release as a defense to such action and its validity can then be disputed by respondent and determined in said action. Auto Mutual Indemnity Co. v. Moore, 235 Ala. 426, 179 So. 368, is cited to support this contention. In that case there was an action pending involving the validity and coverage of the insurance policy pleaded in that case. Moreover the contract asserted in that suit was in part executory and a breach of it imposed liability on the complainant.

■ The further argument, in substance, is that the complainant must stand by, mark time and await the pleasure of the respondent as to when and where he will file such action. And if in the meantime it desires to protect itself against loss of the testimony of its witnesses, it must proceed, under the statutes of the several states wherein it is engaged in business, to perpetuate their testimony.

We are not of opinion that such remedy would be adequate and complete under the peculiar facts of this case. Ex parte Tower Mfg. Co. et al., 103 Ala. 415, 15 So. 836; Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261, 263; Southern States Fire & Casualty Co. v. Whatley, 173 Ala. 101, 104, 55 So. 620; Merritt v. Ehrman, 116 Ala. 278, 22 So. 514; U.S.C. A., Tit. 28, § 400.

■ The allegations of the bill present a justiciable controversy within the purview of the statute. We are further of opinion that the allegations of the bill carry the burden to complainant of showing that Zayatz, with full understanding of the nature and extent of his injuries, executed the release freely without deception or coercion. Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239.

■ This holding answers the further insistence that the validity of the release is a matter of federal law, since the cause of action sought to be extinguished is one arising under the federal statute. Norwood Lumber Corp. v. McKean et al., 3 Cir., 153 F.2d 753. This, however, does not deprive the Circuit Court of Lauderdale County of jurisdiction to determine the validity of the release, and to grant supplemental relief. Our courts observe and apply the federal rule as to the burden and quantum of proof necessary to determine issues under the Federal Employers' Liability Act, and in Garrett v. Moore-McCormack Co., supra, the jurisdiction of state courts to determine the is-

sue was not denied, but the judgment was reversed and new trial granted because the state court applied the state rule as to the burden of proof. Our cases following Central Vermont Ry. Co. v. White, Admr., 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433, Ann.Cas.1916B, 252, applying the federal rule are:—Illinios Central R. Co. v. Johnston, 205 Ala. 1, 87 So. 866; Cheairs v. Stollenwerck, 232 Ala. 546, 168 So. 589.

If, applying the principles above stated, the court holds the claim of appellant for damages has been settled; that he with knowledge of the extent of his injuries freely accepted the sum of $10,000 in full settlement of his claim for damages for said injuries and executed the said release intending to discharge the complainant from all liability in consideration of the payment made to him, he now has no cause of action and no ground to object that his rights are to be settled and determined by a court of equity in the state and county of his residence. If, on the other hand, the court declares and decrees that said release was procured by deception, coercion and fraud, and that appellant did not fully understand his rights in executing said release and accepting the sum paid to him, the court's decree will settle and determine that issue and status.

The question of what, if any, supplemental or coercive relief should be granted, under the provisions of §§ 163, 167, Tit. 7, Code 1940, was not discussed on the submission of this appeal and is not argued in brief. Therefore, we forego treatment of that question. See Anderson's Dec. Judgmts., pp. 572–575, § 193; Borchard's Dec. Judgmts., p. 171–176; Berman v. Wreck-A-Pair Bldg. Co., 236 Ala. 301, 182 So. 54.; Id., 234 Ala. 293, 175 So. 269.

■ The alleged extra expense and cost incident to transportation and pay of witnesses necessary to meet an action threatened and to be subsequently brought under the Federal Employers' Liability Act, and the necessity for perpetuating testimony in numerous jurisdictions, under the facts of this case as alleged in the bill, warranted the granting of an injunction pendente lite to preserve the status quo until the court passed upon, adjudicated and settled the controversy between the parties; and the fact, as argued by appellant, that under the laws of Missouri the complainant would be entitled to a separate trial on the issue as to the validity of the release, is no reason why that issue should not be determined by the court of appellant's own state, and in the county of his residence. The court did not err in granting the temporary injunction to protect its jurisdiction pendente lite. Berman v. Wreck-A-Pair Bldg. Co., supra.

After this opinion was prepared appellant's reply brief was filed on May 3, 1946, which conceded that counsel were in error in their contention that the court was without jurisdiction to determine disputed issues of fact.

Both the decree overruling the demurrer and the separate decree overruling the motion to dissolve the injunction are due to be affirmed. It is so ordered.

Affirmed.

All the Justices concur.