[Civ. 17284.   Second Dist., Div. Two.   Dec. 13, 1949.]

PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant, v. HAROLD A. DEWEY, Respondent.

C. W. Cornell, O. O. Collins and John R. Allport for Appellant.

Reuel L. Olson and Charles R. Martin for Respondent.

WILSON, J.— The sole question for decision is whether a defendant in a personal injury case may maintain an independent action for declaratory relief pursuant to section 1060[1] of the Code of Civil Procedure to determine the right of the plaintiff in the first action to prosecute it to judgment.

Plaintiff appeals from the judgment entered against it following the sustaining of a demurrer to a complaint for declaratory relief without leave to amend.

The facts alleged in the complaint are as follows: On October 6, 1945, defendant, while in the employ of plaintiff and acting within the scope and course of his employment, sustained personal injuries. He agreed to and did accept $13,080 in full settlement of his injuries and damages and on July 20,

---

[1] "§ 1060: [Declaratory relief.] Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force of a final judgment. Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

1946, executed and delivered to plaintiff a release of all his claims resulting from the accident; on October 5, 1948, defendant filed an action in the superior court against plaintiff under the provisions of the Federal Employers' Liability Act (35 Stats. 65; 45 U.S.C.A. § 51) to recover for his injuries alleged to have been sustained in the same accident. He did not offer to return to the railway company the consideration paid for the release. Defendant in that action pleaded as a defense the release and payment of the sum mentioned.

An actual controversy is alleged to exist between the parties with respect to the validity and legal effect of the release, and the railway company prays that the court declare the release to be valid and that an injunction issue restraining defendant from prosecuting his pending action for the recovery of damages.

█ The entertainment of an action for declaratory relief is within the discretionary power of the court (Code Civ. Proc., § 1061²) and is not reviewable upon appeal except for an abuse of discretion (*Cutting* v. *Bryan*, 206 Cal. 254, 257 [274 P. 326]; cer. den. 280 U.S. 556, 50 S.Ct. 16, 74 L.Ed. 611.) Permission to resort to declaratory relief is a matter of sound discretion of the court. █ Such an action is usually unnecessary where an adequate remedy exists under some other form of action (*Bareham* v. *City of Rochester*, 246 N.Y. 140 [158 N.E. 51, 52]; *James* v. *Alderton Dock Yards*, 256 N.Y. 298 [176 N.E. 401, 404]; *Newburger* v. *Lubell*, 257 N.Y. 383 [178 N.E. 669]) and was never intended to afford a sanctuary of escape from trying issues before a jury. (*Utica Mut. Ins. Co.* v. *Beers Chevrolet Co.*, 250 App.Div. 348 [294 N.Y.S. 82, 86].) █ The facts and circumstances with reference to the accident and the character of the place at which defendant was required to work and the appliances furnished to him by plaintiff are matters to be weighed and appraised by the jury and a right to a trial by jury is a part of the remedy afforded under the Federal Employers' Liability Act. (*Bailey* v. *Central Vermont Ry. Co.*, 319 U.S. 350, 353-4 [63 S.Ct. 1062, 87 L.Ed. 1444, 1447-8].) █ The withdrawal from the jury of the question of validity of a release and whether it was executed under mutual mistake of fact is error. (*Callen* v. *Pennsylvania R. Co.*, 332 U.S. 625, 628 [68 S.Ct.

---

²"§ 1061: [Power not exercised when.] The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."

296, 92 L.Ed. 242, 245].) ▮ The court abuses its discretion when it assumes jurisdiction where another action or proceeding is pending between the same parties and involving the same issues, since an action cannot be maintained between the same parties to restrict the prosecution of a pending action in the same court unless it is manifest that full justice cannot be obtained in the first action. (*Colson* v. *Pelgram,* 259 N.Y. 370 [182 N.E. 19, 21].)

▮ Applying the foregoing rules, it is clear that the instant action cannot be maintained. It appears from the complaint that the release of defendant's claim for damages has been pleaded by the railway company in the previous action brought by defendant against the company. The effect of the release and all questions relating to it are proper matters to be determined by a jury when the action previously filed is brought to trial.

The cases upon which plaintiff relies are inapplicable. In *Union Pacific R. Co.* v. *Zimmer,* 87 Cal.App.2d 524 [197 P.2d 363], the right to maintain the action for declaration of rights under a release was not questioned and the injured person had not commenced a suit for damages before the action for declaratory relief was filed but had merely tendered repayment of the amount he had received when the release was executed. In *Zayatz* v. *Southern Ry. Co.,* 248 Ala. 137 [26 So.2d 545, 167 A.L.R. 426], the injured employee had not commenced an action. The railway company had been notified that the employee desired to repudiate and to rescind his release and the company had been threatened with an action for damages on account of the injuries for which the release had been given. No suit was pending at the time the declaratory relief action was filed in which the rights of the parties under the release could have been litigated. In *Auto Mutual Indemnity Co.* v. *Moore,* 235 Ala. 426 [179 So. 368], an action had been filed to recover for personal injuries under an insurance policy and a declaratory judgment was sought determining the rights of the parties under the policy with respect to the cause and claims for damages. The court held that the declaratory action could not be maintained, citing Borchard on Declaratory Judgments to the effect that the first court which became seized of the issues involved, if identical, must be permitted to retain jurisdiction of the case. In the cases of *Ermolieff* v. *R.K.O. Radio Pictures, Inc.,* 19 Cal.2d 543 [122 P.2d 3], and *Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal. 2d 719 [146 P.2d 673, 151 A.L.R. 1062], it was held that the

court is not deprived of jurisdiction to make a binding determination of the rights of the parties by the fact that the contract in question had already been breached and the cause of action had arisen. But in those cases no prior actions had been commenced on the contracts, suits for declaratory relief having been the first to be filed.

Plaintiff contends that upon a trial of the action for damages it must of necessity introduce in evidence the release signed by Dewey and thereby will disclose to the jury the fact that a compromise had been made, which may act adversely to the railway company's defense. Such fact is not sufficient to overcome the rule that declaratory relief is unavailable for the determination of issues involved in an already pending action or to prevent such issues from being presented to a jury. Moreover, it is not infrequent that a release of a cause of action for damages is placed before a jury for some purpose. Its effect may be covered by proper instructions.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.