Walter R. Hart, J.
Petitioner, by order to show cause returnable January 25, 1957, applied for an order appointing an impartial arbitrator. The basis of the motion was that respondent failed and refused to designate an arbitrator in violation of a provision for arbitration of controversies between them which was embraced in a contract for construction and excavation work to be performed by petitioner for respondent. Opposition to the motion was based on the ground that petitioner had waived its right to arbitration by the commencement of an action to foreclose a mechanic’s lien filed by it. While disposi *354 tion of the motion was pending, petitioner discontinued the action and thereafter demanded again that respondent proceed to arbitration. Respondent, adhering to its position that petitioner had waived its right to arbitration by electing in the first instance to resort to the action, has refused to nominate an arbitrator. There is presently pending a second motion for the designation of an arbitrator. The first motion must be denied because it is now academic.
Petitioner in its moving affidavit contends that since the action was discontinued, it is entitled to proceed to arbitration. In opposition, respondent maintains that the right to arbitration having been waived by the election to commence the action, it may not be revived by the discontinuance of the action. In support of its petition, respondent quotes from Matter of Young v. Crescent Development Co. (240 N. Y. 244, 251), viz.: “ Moreover it hardly seems to us that even if respondents should at some time conclude to abandon proceedings under the Lien Law, it would avoid the intent indicated by filing the liens. The question is of the intent with which that act at that time was performed and if judged by the rules applicable to the question of intent it indicated a purpose to abandon the right to arbitration, the right thus lost cannot be recaptured by a subsequent change of mind and conclusion by respondents that after all they would rather proceed under the arbitration clause than under the Mechanics’ Lien Law. If the abandonment has been once made it endures for the purposes of this proceeding and its consequences cannot be avoided.”
Petitioner cogently contends that though section 35 of the Lien Law now provides that the mere filing of a notice of mechanic’s lien does not constitute a waiver of the right to arbitration, the rationale embodied in the language culled from the Young case (supra) applies, so that where an action is brought to foreclose the lien, the waiver, effected thereby, of the right to proceed to arbitration once made, cannot be recaptured.
Petitioner, in a reply affidavit made by its counsel, asserts that when the foreclosure action was commenced it had no way of knowing whether respondent intended to resist the claim, and asserts that if respondent did not defend the action then the remedy of action was the most expeditious means of securing its rights. It is urged that requesting arbitration or moving for the appointment of an arbitrator would therefore have been pointless and futile. Predicated on these assertions, petitioner contends that there had been no waiver and that because of the discontinuance of the action it may now resort to arbitration. In support of this position, petitioner adverts to the case *355 of Newburger v. Lubell (257 N. Y. 383). There plaintiff, a firm of stockbrokers, carried a margin account for defendant under a written agreement which provided that any controversy arising between them was to be determined by arbitration. Defendant’s brothers, under a guarantee agreement, deposited securities with plaintiff as collateral security for defendant’s obligation. Defendant having become indebted to plaintiffs, the latter applied the security to the debt. The guarantors thereupon contested the right of plaintiffs to do so. The plaintiffs then requested the defendant to advise them whether he claimed any controversy existed between them but he failed to respond. Thereupon plaintiffs commenced an action for declaratory judgment seeking an adjudication declaring that no controversy existed between the parties and for the amount due, agreeing in the complaint to credit defendant with the amount realized on the liquidation of the collateral. In affirming a judgment dismissing the complaint because plaintiffs had available adequate relief in other existing forms of action, the court stated (pp. 386-387):
‘‘ The plaintiffs may sue at law and reduce their claim to judgment. If the defendant does not contest the debt, they will have judgment by default. On the other hand, if he does contest, with the result that a controversy develops, they will be free to discontinue, and get the benefit of the contract that whatever controversy arises shall be settled by arbitration. We see no force in the objection that a waiver or abandonment of the benefits of arbitration could be inferred from the mere commencement of an action in the absence of notice that a controversy existed. ' Waiver is an intentional abandonment or relinquishment of a known right ’ (Alsen’s A. P. C. Works v. Degnon Contracting Co., 222 N. Y. 34).
“ The plaintiffs are not restricted, however, to an action at law. If the defendant fails to pay the debt and refuses to declare himself as to the reason for the failure, leaving the plaintiffs uncertain whether he contests it or not, they may file their petition under section 3 of the Arbitration Law (Cons. Laws, ch. 72), alleging their uncertainties and praying that the defendant be required to submit to arbitration whatever controversies exist. If the defendant in response to the petition disclaims any controversy and concedes the debt, the court will not appoint arbitrators to compose a non-existing difference or one not within the scope of the defendant’s promise (cf. Matter of Fletcher, 237 N. Y. 440; Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284; City of Omaha v. Omaha Water Co., 218 U. S. 180, 195), but the defendant may be *356 estopped in such circumstances from interposing a defense thereafter (Sturm v. Boker, 150 U. S. 312, 333, 334). On the other hand, if the defendant remains obstinately silent, the court may infer from the very fact of silence that the petitioner’s demand is not so plainly and fully uncontested as to make a resort to arbitration useless, and may then proceed to a decree accordingly. One who has become a party to a contract for the arbitration of future differences must live up to his engagement according to its spirit. He will not be permitted to wrest it from its purpose and turn it into a shallow form by taking refuge in a disingenuous silence or in subtle and adroit evasions.”
The holding and the dictum in the Newburger case, however, must be restricted to its facts and the conclusion that there is no waiver where the plaintiff does not know whether an arbitrable controversy exists (Oklahoma Pub. Co. v. Parsons & Whittemore, Inc., 255 App. Div. 589, 592; Matter of Rice [Reilly], 203 Misc. 1033, 1034; Shoenthal v. Gaynor Junior Dresses, 142 N. Y. S. 2d 849, 850). The controlling fact in New-burger was plaintiffs’ demand of defendant to advise them whether he claimed a controversy existed and his refusal to reply. No such circumstance appears in the instant case. Nowhere does this petitioner assert that a demand was made on respondent to advise whether a controversy existed and that defendant remained mute. As soon as the notice of lien was filed it was bonded by respondent. As appears from the affidavit in opposition, “ In the course of [the] work disputes arose between the parties in which claims and cross-claims were made as to the character of the work, the rate of progress, the adequacy of equipment furnished, the amount of payments due, and other matters, each party alleging that the other was at fault; and the contract was finally terminated before the completion of the work in the latter part of August 1956. Acme claimed a balance due of $23,067.39 in addition to the $40,476.80 previously paid and Plaza denied that there was anything further due to Acme.”
The foregoing statement remains undisputed by petitioner. The reply affidavit of petitioner’s counsel does not controvert these averrals. A further reply affidavit by John W. Bielecki, president of the petitioner, admits “ that there were some differences of opinion during the course of the work ’ ’. After the filing of the mechanic’s lien petitioner could readily have inquired from respondent, as in the Newburger case (supra), whether there was an arbitrable dispute. Had the respondent then remained mute, it could not have then been said there was *357 a waiver. The allegation of petitioner that it did not know whether respondent would defend an action is not the equivalent of a statement that petitioner did not know whether any arbitrable controversies existed.
Accordingly the motion is denied. Submit orders.