Argued May 2, reversed June 14, 1961

# EMPLOYERS MUTUAL LIABILITY INSUR-ANCE ET AL *v.* BLUHM ET UX

362 P. 2d 755

*Clayton Hess,* Portland, argued the cause for appellants. On the briefs were Hess & Hess, Portland.

*Kenneth E. Roberts,* Portland, argued the cause for respondents. With him on the brief were Douglas J. White, Jr., and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

GOODWIN, J.

Defendants husband and wife appeal from a declaratory decree entered under ORS 28.010 through 28.160. The decree enjoins Alfred Bluhm and Mary Bluhm from proceeding further with their respective actions at law pending in Multnomah County against a partnership doing business as Chemical Lime Company of Oregon.

On November 12, 1957, Alfred Bluhm received injuries while in the course of his employment with Chemical Lime. The employer having rejected the Workmen's Compensation Act, Bluhm and his fellow workmen were covered by private insurance, provided in this case by the plaintiff Employers Mutual.

On January 9, 1958, Bluhm executed a document referred to in the record as a compensation agreement and release. The principal difference between this document and others commonly employed for such purposes was that the same document included the compensation agreement between Bluhm and Employers Mutual as well as the release of liability for negligence, if any, between Bluhm and Chemical Lime.

Mary Bluhm, one of the defendants in this case, did not execute the so-called agreement and release.

On October 16, 1959, after nearly two years of performance of the compensation agreement by Employers Mutual, Alfred Bluhm and Mary Bluhm each filed in Multnomah County a separate action for damages against Chemical Lime. Alfred Bluhm filed his action for personal injuries. In doing so he breached the express terms of the release agreement, if it is valid. Mary Bluhm, not inhibited by any contractual agreement, unless her husband's release was binding upon her, sued for loss of services.

Instead of managing the defense in the pending cases in Multnomah County, Employers Mutual, whose only interest in the litigation to this point was a contractual duty to defend Chemical Lime, commenced a suit for a declaratory decree and injunctive relief in Baker County.

The trial court held that there was a justiciable controversy under ORS ch 28 between Employers Mutual and both Alfred and Mary Bluhm, and proceeded to grant Employers Mutual complete relief in the declaratory proceedings. The trial court not only upheld the validity of the release of Chemical Lime with reference to Alfred Bluhm, but held further that the release was binding upon Mary Bluhm.

■ We decline to discuss the merits of the trial court's findings on the issues presented in the declaratory proceedings. It may be necessary for the circuit court in Multnomah County to pass upon those questions. If so, it should do so upon such record as may be made in an appropriate case, unembarrassed by any prior holding on the merits. The declaratory decree must be reversed for the reason that it was an abuse

of judicial discretion to entertain the suit when the pleadings disclosed that all of the issues contained therein could be litigated in the pending actions in Multnomah County.

It is likewise unnecessary at this time to pass upon such questions as the availability of a separate hearing, or the right to have the validity of the releases determined by a jury. See Annotation, 13 ALR2d 777. There will be adequate opportunity to consider these questions if they properly come before this court.

■ Whatever may be the permissive scope of ORS 28.010 through 28.160, the mere fact that a court might have jurisdiction to hear a justiciable controversy does not mean that it should exercise its jurisdiction when to do so is manifestly unwise and unnecessary. Borchard, Declaratory Judgments (2d ed, 1941) 350.

■ We have found no case in which an insurer has been permitted to commence in another court of the same jurisdiction a suit for a declaration of the validity of a release after an action for damages has been commenced against its insured. On the contrary, the intermediate appellate court of California, in 1949, reviewed the authorities at that time in a well-reasoned opinion by Wilson, J., and held that a self-insured traction company could not employ declaratory proceedings to litigate the validity of a release in the same court where an action for damages was pending. The court said:

"* * * Permission to resort to declaratory relief is a matter of sound discretion of the court. Such an action is usually unnecessary where an adequate remedy exists under some other form of action (*Bareham v. City of Rochester*, 246 N.Y. 140 [158 N.E. 51, 52]; *James v. Alderton Dock Yards*, 256 N.Y. 298 [176 N.E. 401, 404]; *Newburger v.*

*Lubell,* 257 N.Y. 383 [178 N.E. 669]) and was never intended to afford a sanctuary of escape from trying issues before a jury. (*Utica Mut. Ins. Co. v. Beers Chevrolet Co.,* 250 App.Div. 348 [294 N.Y.S. 82, 86].) * * *." *Pacific Electric Ry. Co. v. Dewey,* 95 Cal App2d 69, 71, 212 P2d 255, 256.

There is respectable authority for the proposition that a second court does not even have jurisdiction, for want of a justiciable controversy, to hear such a suit as was presented in the case at bar. See *Liberty Mut. Ins. Co. v. Lee,* 117 F2d 735 (5th Cir., 1941). However, we do not consider it necessary to go so far as to hold there is no justiciable controversy merely because the insurer is not a party to the pending cases in Multnomah County. We recognize that there is enough controversy to provide a foundation for jurisdiction, *State Farm Mutual Automobile Insurance v. Moore,* 177 F Supp 520 (DC Or 1959), but hold that it is an abuse of discretion to entertain such a case when another court has already been called upon to decide all the issues that can be raised by the parties.

Reversed.