Argued October 11, affirmed November 14, 1962

UNION PACIFIC RAILROAD COMPANY *v.*
MASON

376 P. 2d 61

*Randall B. Kester,* Portland, argued the cause for
appellant. With him on the briefs were Walter J.

Cosgrave and Maguire, Shields, Morrison, Bailey & Kester, Portland.

*James J. Kennedy,* Portland, argued the cause for respondent. With him on the brief were Thomas H. Ryan and Ryan & Ryan, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

GOODWIN, J.

This is a suit for declaratory relief under ORS 28.010 to 28.160. The plaintiff railroad appeals from a decree in the circuit court which dismissed a proceeding to litigate the validity of a release given the railroad by an injured workman.

On or about April 13, 1961, Mason, the defendant here, filed in the Circuit Court for Multnomah County a complaint in an action at law for damages for injuries which he alleged were suffered in the course of his employment with the railroad. The railroad did not file an answer in that action, but on May 5, 1961, filed the complaint in the case at bar.

The complaint in the case at bar was successfully attacked by demurrer below. The complaint alleged facts which the railroad contended entitled it to equitable relief as well as to a declaration of rights under ORS 28.010 et seq. The prayer was first for a determination that the release agreement was binding. There was a further prayer that Mason be enjoined from prosecuting his action then pending in the same court. In the alternative, if the release be found to be subject to recission by Mason, then the railroad prayed that he be ordered to restore the consideration which had been paid therefor.

The request for declaratory relief is premised upon the manifest existence of a justiciable controversy. The prayer for equitable relief is premised on the proposition that the railroad cannot get "plain, adequate and complete" relief in the action at law. ORS 11.020. Union Pacific says: (1) it has a right to the restitution of the $1,100 paid in consideration for the release before Mason can be allowed to rescind the release; (2) since Mason has not offered to make restitution, he presumably will not do so unless forced to; (3) there is no practical way Union Pacific can obtain restitution, apart from immediate equitable relief; (4) if the railroad is successful in defending the law action, Mason has had his money, and has also had his law action even though he did not offer to repay the money before bringing the action; (5) if the railroad should be found in the law action to be legally liable, it could set off the $1,100 it had paid for the release only if the damages found by the jury should exceed that amount; (6) a counterclaim in the law action for the return of the $1,100 might be deemed a consent to Mason's rescission and a waiver of the right to rely on the release as a defense to Mason's action; and (7) if it pleads the release as a defense to the law action, the railroad may be deemed to have waived its right to the restitution of the $1,100.

Mason's demurrer was based on these grounds: (1) the complaint did not state facts sufficient to constitute a cause of suit; (2) the court had no jurisdiction of the subject of the suit; and (3) there was another action pending between the same parties for the same cause. The trial court sustained the demurrer. Since it appeared from the complaint that the validity of the release could be litigated in the

pending law action, the court held that under *Employers Mut. Liability v. Bluhm,* 227 Or 415, 362 P2d 755 (1961), the question must be so litigated.

On appeal, the railroad relies on the assumption that only by means of this suit can the "long arm of equity" do complete justice. Essential to the railroad's position is the assumption that it cannot obtain complete relief in the law action, and therefore it must have equitable relief in any event. The railroad assumes that if Mason should prove that the release is invalid the law action will be an imperfect instrument for the determination of the right to restitution. The trial court treated this assumption as too hypothetical to invoke the aid of equity. The trial court said the matter of restitution was subject to so many factual and legal qualifications that the complaint could not be said to have stated sufficient facts to make out a cause of suit. The court was of the opinion, as noted, that bare declaratory relief was foreclosed by the existence of another action. Thereby, in effect, the court held that the complaint did not allege grounds for any relief at all.

In *Employers Mut. Liability v. Bluhm,* supra, Bluhm had received injuries while in the course of his employment with Chemical Lime Co. Chemical Lime had rejected state compensation and provided private insurance coverage for its employees through Employers Mutual. Following his injury, Bluhm executed a document which coupled a compensation agreement between Bluhm and Employers Mutual with a release-of-liability agreement between Bluhm and Chemical Lime. After receiving for nearly two years the monthly payments provided under the compensation agreement, Bluhm and his wife instituted separate actions for damages against Chemical Lime.

Employers Mutual, which was under a contractual duty to defend Chemical Lime, thereupon brought suit in the circuit court of another county for a declaratory judgment and injunctive relief to prevent Bluhm or his wife from proceeding in their pending actions at law. The second circuit court upheld the validity of the release and enjoined the prosecution of the actions in the first court. On appeal by Bluhm this court reversed, holding that it was an abuse of judicial discretion for the second circuit court to entertain the declaratory suit when the pleadings therein disclosed that all of the issues could be litigated in the pending actions at law in another circuit court.

Union Pacific seeks to distinguish the *Bluhm* case by pointing out that there the payment for the release had been only partially executed, whereas in the instant case the consideration for the release has been fully paid. Further, the railroad points out, in the *Bluhm* case the matter of restitution was never presented to this court nor discussed in the opinion. Accordingly, the railroad urges, the aid of equity was not invoked, and the only issue there was whether the validity of the release could be determined in the declaratory proceedings.

The distinctions mentioned, while real enough, do not afford a sufficient basis for reaching a different result in the case at bar. It is true that the *Bluhm* case primarily involved declaratory relief, while the case at bar contains a stronger plea for equitable relief as well. It is also true that the *Bluhm* case was grounded on the proposition that where one court already has before it a case in which it can determine all the issues that can be raised between the

parties in a situation of this kind, another court cannot entertain a suit to determine part of those issues.

The same fundamental policy against multiplicity of litigation, however, has equal application here. A law action is already pending in the same court in which the declaratory relief is being sought. In that action, the validity of the release may be decided. If the release is valid, it will bar the action. The right to equitable relief for either of the parties, and the extent thereof, does not become material until after an initial determination that the release is bad. If it is good, then an injunction is not needed, because the release would be a bar to the law action. If the release is bad, restitution may or may not be available to the railroad, depending upon a number of contingencies. Cf. *Franklin v. Webber,* 93 Or 151, 158, 182 P 819 (1919). As noted, these contingencies are largely speculative. The release has not been pleaded in the law action and the issues thereon have not been joined.

Inasmuch as the validity of the release is the fundamental issue, in either case, and inasmuch as it very well may be determined in the pending law action, we adhere to the principle set forth in the *Bluhm* case and hold that no error was committed in sustaining the demurrer to the complaint. Possible issues on restitution, or the ultimate collectibility of a judgment therefor, may well be disposed of in the law action. If any issues cannot be worked out in the law action or proceedings supplemental thereto, they are so hypothetical and speculative that they do not afford a basis for engaging in a separate suit in equity at this time.

The railroad advances another reason why it believes the *Bluhm* case should not be controlling in

this case. It points out that in deciding the *Bluhm* case this court relied upon *Pacific Electric Ry. Co. v. Dewey,* 95 Cal App2d 69, 212 P2d 255 (1949). The railroad now says that the *Dewey* case was based upon the belief the California court then held that the right to a jury trial was not available in a California declaratory-judgment proceeding, a rule which has since been changed in that state. The railroad then says that since a jury can now be had in California in such a case the *Dewey* case probably would be decided differently today. Our reading of the *Dewey* case does not support such an analysis, but in any event the *Bluhm* case need not stand or fall upon the real or imaginary rationale of the *Dewey* case. In the *Bluhm* case, we found it unnecessary to decide whether or not a jury necessarily should pass on the validity of a release in a declaratory-judgment proceeding. The controlling policy was the policy against a multiplicity of actions.

Because we are applying the *Bluhm* case to the case at bar, it is again unnecessary to decide the legal effect of ORS 28.090, which gives a right to a jury trial in certain types of declaratory-judgment proceedings.

Mason contends that since his law action is brought under the Federal Employers' Liability Act, 45 USC §§ 51-60 (1958), all questions of fact, including the validity of the release, must be determined by the jury that tries the law action. We find it unnecessary now to decide whether, under the FELA, the validity of a release must be determined by the same jury, and, if so, by the same verdict that disposes of the questions of negligence and damages. Those questions appear to have been left open

in *Maynard v. Durham & S. R. Co.*, 365 US 160, 81
S Ct 561, 5 L Ed2d 486 (1961), which held that the
validity of the release was both a federal question
and a jury question. If such questions should come
before us we will consider them at the proper time.

We turn to another basis for equitable relief urged
in the case at bar. The railroad says that if it is
required to plead its release in the law action as a
defense, it will be forced to waive its right to restitu-
tion. This argument assumes that the release ulti-
mately might be found to be one subject to rescission
under circumstances in which equity, but for such a
pleading, ordinarily would have made restitution of
the consideration a condition precedent to rescission.
We believe this fear to be too speculative to justify
the intervention of equity in this case. The contention
is based on Oregon cases which have followed the
rule that the pleading of a release as a defense in an
action for damages is a waiver of any right to the
tender of restitution of the consideration should the
release later be held to be subject to unilateral rescis-
sion by the person who signed it. See, e.g., *Franklin
v. Webber*, supra, 93 Or at 159, and *Woods v. Wik-
strom*, 67 Or 581, 600-602, 135 P 192 (1913). These
cases proceed on the well-known principle that the
law does not require an idle act, and that a tender
that obviously would be refused need not be made.
In the case at bar, of course, we do not know whether
the railroad will plead its release in the law action,
or, if it does so, whether it will do so in a manner that
will permit possible issues of restitution on the ques-
tion of rescission to be kept open. Again, the question
of the actual recovery of restitution may never arise.
If such a question does arise, there will be time
enough then to decide whether the pleading of a re-

lease waives the right to restitution, or merely waives the necessity for the tender of it.

Other cases are cited by Union Pacific, in each of which a declaratory proceeding was employed to test the validity of a release. They are not in point. In none of the cited cases was any other action pending at the time the declaratory judgment was requested. Cf. *Zayatz v. Southern Ry. Co.*, 248 Ala 137, 26 So2d 545, 167 ALR 426, cert. den. 329 US 789, 67 S Ct 353, 91 L Ed 676 (1946); *Union Pacific R. R. Co. v. Zimmer*, 87 Cal App2d 524, 197 P2d 363 (1948).

Affirmed.

ROSSMAN, J., dissents.