THOMAS SIEBERN, Individually and as Father and Natural Guardian of THOMAS SIEBERN, JR., et al., Respondents-Appellants, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, and GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Appellant, et al., Defendants.— In an action for a declaratory judgment, (1) defendant General Accident Fire and Life Assurance Corporation, Ltd. (referred to herein as 'General') appeals from a judgment of the Supreme Court, Nassau County, dated June 4, 1969 and made after a nonjury trial, which, inter alia, declared that plaintiffs are entitled to pursue their remedies against it, their insurer, under the uninsured motorist indorsement of their automobile liability policy and that upon service of a demand for arbitration pursuant thereto said insurer shall proceed with such arbitration; and (2) plaintiffs cross-appeal from so much of the judgment as dismissed their complaint as to defendants Government Employees Insurance Company (referred to herein as GEICO), Horacio Nieto and Abraham Arenas. Judgment affirmed, with one bill of costs against General, payable half to plaintiffs and half to GEICO. The trial court properly exercised its discretion in refusing to dismiss the action. The issue involved was whether defendant Nieto, who at the time he caused injury to the male plaintiffs was operating a car illegally bearing license plates which had been issued to defendant Arenas, was an insured motorist. Such issue could not properly have been resolved in plaintiffs' pending negligence action against Nieto and Arenas (cf. Utica Mut. Ins. Co. v. Beers Chevrolet Co., 250 App. Div. 348; Nationwide Mut. Ins. Co. v. Dennis, 14 A D 2d 188). The question whether Arenas could be estopped from denying ownership of Nieto's vehicle is a separate one from the question whether GEICO, Arenas' insurer, would be bound by any such estoppel (Phoenix Ins. Co. v. Guthiel, 2 N Y 2d 584; Mason v. Allstate Ins. Co., 12 A D 2d 138, 144). Hence, plaintiffs did not have "a full and adequate remedy" in the negligence action (cf. James v. Alderton Dock Yards, 256 N. Y. 298, 305). There was no showing of any action by GEICO which would estop it from denying coverage to Nieto; nor is it asserted that Nieto is entitled to coverage by virtue of any provision of the GEICO policy. The trial court properly ordered General to proceed to arbitration upon service of a demand therefor by plaintiffs pursuant to the uninsured motorist indorsement of the policy issued by it. Such decretal provision does not limit General's existing rights to examine plaintiffs, both orally and physically, pursuant to Condition 3 of the indorsement. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.