THE ALLAN WILDE (two cases).

(District Court, E. D. New York. December 30, 1918.)

1. WHARVES ⬤⟿17—AMOUNT OF WHARFAGE—CONTRACT.
Where claimant authorized one to arrange for wharfage for a vessel, wharfage to be at the regular rates, *held* that, if claimant intended the agent to fix the charge for wharfage at the statutory rate, which was much lower than the usual rate, it should have so indicated, either by reference thereto or by using the expression "rate provided by law."

2. SHIPPING ⬤⟿74—CONTRACT OF AGENT—REPUDIATION.
Where a vessel accepted the benefit of an arrangement by the claimant's agent for wharfage, claimant may not repudiate the arrangement as unauthorized.

3. WHARVES ⬤⟿19—AMOUNT—CONTRACTS—VALIDITY.
Where wharfage was contracted for at rates in excess of those prescribed by Greater New York Charter, §§ 859, 863, it will be presumed that claimant, who contracted for wharf facilities at the increased rate, waived the statute, and recovery on the contracts cannot be denied on the ground that they were contrary to law.

In Admiralty. Libels by the Caribbean Shipping Company, Limited, and by the Central Transportation Company, against the schooner Allan Wilde, claimed by the Commercial Shipping Corporation. Decree for libelant in each case.

Stuart McNamara, of New York City, for libelant Caribbean Shipping Co.

Joseph P. Nolan, of New York City, for libelant Central Transp. Co.

Macklin, Brown & Purdy, of New York City (Wm. F. Purdy, of New York City, of counsel), for claimant.

GARVIN, District Judge. Two libels for wharfage have been filed, and the cases tried together by consent. The contract in each case was made with the libelants by one Novelly, and a question at once arises as to whether claimant is bound by his acts as its agent.

[1, 2] The court is of the opinion that the evidence is sufficient to establish that the claimant of the Allan Wilde authorized Novelly to arrange dockage for her so that her cargo might be loaded, the wharfage to be at the regular rates. The usual rates were those at which Novelly closed the contract. If the claimant had intended Novelly to fix the charge for wharfage on the very much lower basis provided for by chapter 466 of the Laws of 1901, to which reference will be presently made, it should have so indicated, either by reference thereto or by using the expression "rate provided by law," or its equivalent. Furthermore, the ship accepted the benefit of the arrangement made, and the claimant may not receive the benefit of this agreement, and at the same time repudiate the obligations by it raised.

[3] The claimant insists, further, that these contracts for wharfage, which were at $75 and $100 per day, if in fact made by it, are unenforceable, being contrary to law. Chapter 466 of the Laws of 1901 provides:

"Sec. 859. It shall be lawful to charge and receive, within the city of New York, wharfage and dockage at the following rates, namely: From every vessel that uses or makes fast to any pier, wharf, or bulkhead, within said city, or makes fast to any vessel lying at such pier, wharf, or bulkhead, or to any other vessel lying outside of such vessel, for every day or part of a day except as hereinafter provided, as follows: * * * For every vessel over 200 tons burden, two cents per ton for each of the first two hundred tons burden, and one-half of one cent per ton for every additional ton. * * *"

And again:

"Sec. 863. * * * Any person owning or having charge of any pier, wharf, bulkhead, or slip as aforesaid, who shall receive for wharfage any rates in excess of those now authorized by law, shall forfeit to the party aggrieved treble the amount so charged as damages, to be sued for and recovered by the party aggrieved."

The rate under the statute would be only $4.97 per day.

The court has not been referred to, nor has it found, any decided case which is directly in point; but, unless constrained by authority, it is not disposed to allow a boat under these circumstances to avail itself of wharfage which is worth at least $75 per day for $4.97 per day. The court holds rather that the claimant by its express contracts waived the statute. As Judge Thomas remarks in The Antonio Zambrana (C. C.) 88 Fed. 546:

"The statute is supreme, and confers a right; and unless the person upon whom the right is conferred waives it, by contract or otherwise, a court is technically barred from declaring that the exercise of the right is unlawful."

Decree for libelant in each case.