MARINE LIGHTERAGE CORPORATION, Plaintiff, *v.* LUCKENBACH S. S. Co., INC., Defendant.

Supreme Court, New York County, January 20, 1931.

*Abraham M. Grill*, for the plaintiff.

*Stefferson & Bourke*, for the defendant.

TOWNLEY, J.   Motion by defendant to dismiss plaintiff's complaint which asks for a declaratory judgment.   Plaintiff has no justifiable grievance against defendant.   Wharves, though aids to commerce, are local in their nature, and may be regulated by the States where situated in the absence of congressional legislation, provided such State statutes do not discriminate against interstate commerce in the matter of charges and do not impose a tonnage duty or tax prohibited by section 10 of article 1 of the Federal Constitution.   Wharfage is the charge made for the use of a wharf by the owner thereof by way of rent or compensation; a duty of tonnage is a tax or duty charged for the privilege of entering, loading or lying in a port or harbor and can only be imposed by Congress. The basis of the State's right to regulate wharfage is that the right to wharfage is considered in the nature of a franchise from the sovereign and the nature of the occupation is affected with a public interest.   This defendant was entitled to the exclusive use of its wharf, and is to be deemed the owner of a private wharf.   All wharves, whether public or private, are subject to State regulation in the matter of charges.   At a public wharf only the fixed statutory charges are permitted.   For use of a private wharf the statutory charges can be superseded by a specific bargain for a rate different from that prescribed by statute.   A few of the supporting cases are

*Cannon* v. *New Orleans* (20 Wall. 577); *Transportation Co.* v. *Parkersburg* (107 U. S. 691); *Ouachita & M. River Packet Co.* v. *Aiken* (121 id. 444); *Guy* v. *Baltimore* (100 id. 434); *The M. L. C. No. 10* ([C. C. A.] 10 F. [2d] 699, HOUGH, C. J.); *Flandreau* v. *Elsworth* (151 N. Y. 473, wharfage a franchise); *Langdon* v. *Mayor, etc., of City of New York* (93 id. 129, 145, a public employment subject to regulation); *Woodruff* v. *Havemeyer* (106 id. 129); *The Capitaine Faure* ([D. C.] 7 F. [2d] 131); *The Allan Wilde* ([D. C.] 255 Fed. 171; decree affirmed, [C. C. A.] 264 id. 291).

The last three cases hold that at a private wharf parties can agree to any rate. For numerous other supporting cases see 7 Ency. of United States Supreme Court Reports (pp. 429 to 433, inclusive) and article " Right to Wharfage " (70 L. R. A. 193 [1903]). Wharfage charges are like State pilot laws, State quarantine laws and tolls imposed by States for use of river improvements, and though in a sense regulations of commerce are valid until Congress acts upon the subject-matter. (See *Olsen* v. *Smith*, 195 U. S. 332, State Pilot Law; *Morgan* v. *Louisiana*, 118 id. 455, State Quarantine Law, and *Huse* v. *Glover*, 119 id. 543, State toll for river improvements.)

For over thirty years the Legislature of New York has regulated wharfage charges in the harbor of New York, and its right to do so has been uniformly upheld and enforced both in State and Federal decisions. (*Brookman* v. *Hamill*, 43 N. Y. 554; *The Canada*, [D. C.] 7 Fed. 730, 732; *The Sylvan Stream*, [D. C.] 35 id. 314, 315; *Beard* v. *Marine Lighterage Corporation*, [plaintiff herein], 296 id. 146 [D. C. E. D. of N. Y.]; *The M. L. C. No. 10*, [plaintiff herein], 10 F. [2d] 699 [C. C. A. 2d Cir.].)

The present New York statute is section 859 of the Greater New York Charter, and its substance has been effective since 1897. The Greater New York Charter, section 859 (as amd. by Laws of 1923, chap. 477), provides as follows: " It shall be lawful to charge and receive, within the city of New York, wharfage and dockage from every vessel or floating structure that uses or makes fast to any pier, wharf, or bulkhead, within said city or makes fast to any vessel lying at such pier, wharf, or bulkhead, or to any other vessel lying outside of such vessel, for every day or part of a day, at rates to be fixed by the commissioners of the sinking fund after public hearing on recommendation of the commissioner of the department of docks." Pursuant to the provisions of the foregoing section, the commissioners of the sinking fund have fixed the following rates of wharfage effective October 20, 1924: " Market boats and barges, sloops and schooners, canal boats, lighters, barges, scows, car floats and other vessels engaged in transporting or lightering freight, coal, building materials or other commodities or refuse in New York

Harbor and employed exclusively upon the rivers and waters of the State of New York (except clam and oyster vessels under 200 tons, floating grain elevators and floating structures, dredges, etc., not otherwise provided for), one cent per running foot with a minimum charge of $1." The above wharfage rate was made effective at bulkheads and at piers, whether shedded or unshedded. The substance of section 80, " Liens on Vessels," of the New York Lien Law has been statutory law for a period of sixty-eight years, since Laws of 1862, chapter 482, and is a valid and enforcible statute. The maritime lien for wharfage, however, is enforcible only in admiralty in the Federal courts, which courts have upheld the validity of the New York statute and enforced such maritime lien for wharfage. (See, among others, *The Canada*, [D. C.] 7 Fed. 730, 732; *The Sylvan Stream*, [D. C.] 35 id. 314, 315; *Beard* v. *Marine Lighterage Corporation*, [plaintiff herein] [D. C.] 296 id. 146; *The Ionnnis Vatis*, [D. C.] 16 F. [2d] 284.) Here defendant charged plaintiff the fixed statutory rate of one dollar, and, in absence of any specific bargain for a rate different from the prescribed rate, the statutory rate controls.

Under section 473 of the Civil Practice Act, and rules 210 to 214, inclusive, of the Rules of Civil Practice no declaratory judgment is necessary or appropriate, since the legal relations of the parties are not doubtful and their precise rights are specifically and clearly prescribed by statutes of this State, long existent and uniformly upheld as valid and enforcible.

For the reasons above stated the parties should be left to relief by existing forms of actions, and the motion to dismiss the complaint praying for a declaratory judgment is granted, and the complaint is dismissed, without costs. The clerk is directed to enter judgment accordingly. Order signed.