ROBERT J. DE CAMP, Plaintiff, v. 147 EAST 50TH STREET CORPORATION, Defendant.

Supreme Court, Special Term, New York County, January 4, 1937.

*Alfred J. Conforti*, for the plaintiff.

*Nathan Friedman*, for the defendant.

SCHMUCK, J. In deciding this application. no wiser course can be pursued than to utilize the decision in *M₁rine Lighterage Corp.* v. *Luckenbach S. S. Co.* (139 Misc. 612, 614). There we read: " Under section 473 of the Civil Practice Act, and rules 210 to 214, inclusive, of the Rules of Civil Practice no declaratory judgment is necessary or appropriate, since the legal relations of the parties are not doubtful and their precise rights are specifically and clearly prescribed by statutes of this State, long existent and uniformly upheld as valid and enforcible."

Applying that principle to the *lis sub judice*, we discover that plaintiff by this action seeks to have the court advise him of the probability of success of any action he may institute, based on the lease between the parties hereto. He desires the court to decree what are the rights of the parties under the lease, whether the plaintiff relied upon the representations of the defendant concerning the use to be made of the property, and generally whether the defendant was guilty of fraud and deceit. Clearly, the plaintiff

seeks an anticipatory judicial expression of the likelihood of suc-. cess of an action to rescind and cancel the lease because of fraud. Surely it is not the function of a declaratory judgment to advise a litigant, in advance of a trial, as to his probable success. If the plaintiff has a good cause for rescission because of fraud, adequate legal remedy is available. Consequently the discretion vested in the court in this respect will not be exercised. (*Newburger* v. *Lubell,* 257 N. Y. 383.)

Motion granted.