CARL LATHAM, Plaintiff, *v.* WILLIAM G. HOLLANDS and Others, Defendants.

Supreme Court, Steuben County, October 7, 1939.

*Paul V. Huston* for the plaintiff.

*Shults & Shults,* for the defendants.

LAPHAM, J. The defendants move to dismiss the complaint for insufficiency in this action for a declaratory judgment which seeks a determination of the rights and liabilities of the parties on a contract made with the plaintiff by the defendants William and Jessie Hollands for sale of certain real property in the city of Hornell, N. Y.

The complaint alleges in substance that after the execution of the contract in February, 1930, the plaintiff entered into possession of the premises and remained in possession until late in August, 1935, and that he paid sixty-three monthly installments of forty dollars each in compliance with the contract until June 1, 1935, and expended certain moneys for taxes, repairs, insurance and interest during his occupancy, that the defendants waived the payments due on June first and on July first and obstructed and hindered the plaintiff in making the payment due on August 1, 1935, by refusing to co-operate with the plaintiff in securing an allowance from the American Red Cross Society to repair the damage to the property caused by the flood of the summer of 1935; and that during the latter part of August, 1935, the defendants unlawfully ousted the plaintiff from the premises by electing to terminate the contract by virtue of the plaintiff's defaults. The prayer for relief seeks the determination of the validity of provisions in the contract concerning the method of payment of the purchase price and the validity and effect of the forfeiture provisions of the contract, a ruling on the application of article 25 of the General Business Law and section 1077-a of the Civil Practice Act to the contract of sale and a determination whether the defendants waived the payment of the installments for June and July, 1935, and whether they prevented or obstructed the plaintiff in making payment of the August installment.

The court may decline to assume jurisdiction of an action for a declaratory judgment if existing forms of action are reasonably adequate. (*Newburger* v. *Lubell,* 257 N. Y. 383; *James* v. *Alderton Dock Yards,* 256 id. 298, 305; *Colson* v. *Pelgram,* 259 id. 370, 377; Rules Civ. Prac. rule 212.)

There are several remedies which are reasonably adequate which are open to the plaintiff. He may maintain an action to foreclose a vendee's lien (*Flickinger* v. *Glass,* 222 N. Y. 404), an action in equity to rescind the contract and recover the moneys paid or expended under the contract (*Davis* v. *Rosenzweig Realty Co.,* 192 N. Y. 128), an action at law to recover the moneys paid or expended

on the property, or an action for damages for breach of contract on the part of the defendants in depriving the plaintiff of possession of the property.

These remedies are not concurrent. The plaintiff purchaser must choose among them and his choice will depend on whether he decides to affirm or denounce the contract. The choice may be difficult or even painful to make but I see in this no compelling reason for relieving the plaintiff of the burden of making a choice or for permitting him to resort to an action for a declaratory judgment in order to spare himself the necessity of choosing among several remedies of equal efficacy. What the plaintiff seeks in this action for a declaratory judgment is an opportunity to advance certain hypotheses or theories of action, to put them to the test, to discard those found to be untenable, and to do all this without sacrificing anything except the discredited theory of action. The remedy afforded by an action for a declaratory judgment does not reach so far. (*DeCamp* v. *147 East 50th Street Corporation*, 163 Misc. 584.) In the law, as in life, one must be prepared to face the consequences of his choice.

The motion to dismiss the complaint for a declaratory judgment is granted, without costs.

Let an order enter accordingly.