FREDA DAVIS, as Administratrix of the Estate of HARRY J. DAVIS, Deceased, Respondent, *v.* A. DAVIS & SONS, INC., et al., Appellants.

First Department, May 5, 1944.

*Frederick L. Kane* of counsel (*Robert R. Bauman* with him on the brief; *Frederick L. Kane,* attorney), for appellants.

*Jules Roth* of counsel (*Benjamin, Galton & Robbins,* attorneys), for respondent.

GLENNON, J.   The plaintiff, as administratrix of the estate of her deceased husband, has set forth two causes of action in her amended complaint.   The first is for a reformation, and the second is for a declaratory judgment.

According to the complaint, upon the incorporation of the defendant A. Davis & Sons, Inc., the husband received 125 shares of the capital stock of the corporation.   This allotment represented 25% of the authorized and issued capital stock.   Incidentally, it appears that no stock certificates were ever issued to any of the stockholders.   It is alleged that in April, 1928, by virtue of the death of her husband's mother, he became the owner of

an additional 13⅜ shares of capital stock of the corporate defendant.

After the death of her husband, plaintiff was appointed administratrix. At the time of his death, the husband was the owner of 138⅜ shares of the stock. It is alleged that the individual defendants, as officers and directors of the corporate defendant, falsely and fraudulently represented to the plaintiff that her husband had been the owner of only 125 shares of the capital stock, representing one quarter of the shares of stock issued. After considerable negotiation, the plaintiff agreed to sell her deceased husband's one-quarter interest in the corporation for $15,000. The defendants in turn agreed to buy the 125 shares for that sum.

A written agreement was entered into on November 22, 1934. The recital states that the plaintiff had a 25% interest in the corporation by reason of the stock ownership of her late husband, and that the value thereof was $15,000. The plaintiff agreed to sell to the defendants all her right, title and interest as administratrix, in the corporation for the sum of $15,000. In addition to the $15,000, defendants were to pay $300 to cover the fees of certain accountants employed by plaintiff to audit the books of the corporation in order to arrive at the value of the stock. The defendants were also to furnish a general release running to the estate of the deceased from all the brothers and sisters of the deceased, as well as from the children of a deceased sister.

The plaintiff, on her part, was required to execute an assignment or bill of sale and any documents necessary to effectively transfer all the right, title and interest of herself individually and as administratrix in and to said interest in the corporation, and release the defendants.

The contract was completely performed by the plaintiff on the one hand and the defendants and their relatives on the other.

It is alleged that not until November, 1941, did plaintiff learn that her intestate owned the additional 13⅜ shares of stock of the corporation.

Under the first cause of action, wherein she seeks a reformation of the agreement so as to have it conform to her original intention of selling only 125 shares of stock of the corporation, as an incident to that relief, plaintiff has asked that the general release given by her be canceled.

In her second cause of action, wherein she incorporates by reference allegations which appear in the first cause of action, she seeks a declaratory judgment, alleging that there is a dispute

between her and the corporate defendant as to whether she is the owner of the 13% shares in question.

It might be noted that the plaintiff has at no time since 1934 offered to return the consideration which she received by virtue of the terms of the written agreement which she seeks to have reformed.

We do not believe that a cause of action for the reformation of a written contract, under the circumstances set forth in the pleadings, can be maintained. In addition thereto, the second cause of action whereby a declaratory judgment is sought has no foundation in law based upon the facts alleged.

The remedies which are available to the plaintiff were well summed up in *Goldsmith* v. *National Container Corp.* (287 N. Y. 438, at p. 442) by LEWIS, J., as follows: "It is settled law that where, as alleged by the present plaintiff, a person has parted with something of value as the result of a contract induced by fraud, he may pursue one of three remedies: ' He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. To maintain such action he must first restore, or offer to restore, to the other party whatever may have been received by him by virtue of the contract. * * * He may bring an action in equity to rescind the contract and in that action have full relief. * * * Such an action is not founded upon a rescission, but is maintained *for* a rescission, and it is sufficient therefore for the plaintiff to offer in his complaint to return what he has received and make tender of it on the trial. Lastly, he may retain what he has received and bring an action at law to recover the damages sustained. This action proceeds upon an affirmance of the contract. * * * ' (*Vail* v. *Reynolds*, 118 N. Y. 297, 302)," (citing other cases.) Based upon the allegations which are to be found in the first cause of action, it is quite clear, it seems to us, that plaintiff's remedy, if any under the circumstances outlined, was to retain what she received and bring an action at law to recover damages.

The second cause of action which is for a declaratory judgment, as we have pointed out, is not well founded either. There it cannot be said that only questions of law are involved. The very nature of the allegations indicates beyond peradventure of a doubt, that questions of fact must be determined. That being so, on the facts disclosed, plaintiff in the court's discretion should be left to her proper remedy. The point is clearly stated in *79 Delancey Corp.* v. *Meridan Holding Corp.* (286 N. Y. 354)

wherein the Court of Appeals, in a *Per Curiam* opinion, wrote as follows: " In these circumstances, where it does not clearly appear that only questions of law are involved, we deem it advisable that the parties be left to other remedies. ' This is not a proper case for a declaratory judgment.'' (Citing cases.)

The order denying the motion to dismiss the amended complaint should be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after the service of a copy of the order to be entered hereon, on payment of said costs.

In view of the dismissal of the complaint, the order granting plaintiff's motion for an examination of the corporate defendant should be reversed and the motion denied.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Order denying defendants' motion to dismiss the amended complaint unanimously reversed, with twenty dollars costs and disbursements, and the said motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order, on payment of said costs. Order granting plaintiff's motion for an examination of the defendant corporation before trial unanimously reversed and the said motion denied. [See 268 App. Div. 769.]