151–163 West 26th Street, Inc., Plaintiff, *v.* Mary Brosnan, Inc., Defendant.

Supreme Court, Special Term, New York County, October 16, 1944.

*Irving H. Dale* for defendant.

*Karelsen, Karelsen & Rubin* for plaintiff.

Collins, J. The defendant tenant moves to dismiss the action of the plaintiff landlord which seeks a declaratory judgment that the written lease between the parties expiring on January 31, 1945, has not been renewed. The defendant main-

tains that negotiations between the parties culminated in an oral renewal agreement, and, therefore, it avows its intention to remain in possession as tenant after January 31, 1945, under such renewal. The plaintiff just as stoutly denies any renewal agreement.

That a genuine controversy exists is not disputed. The defendant contends that an action for a declaratory judgment is not maintainable, or, at least, that the court, in the exercise of a sound discretion, should not entertain the action because, primarily, the plaintiff has an adequate remedy at law, namely, a summary proceeding to dispossess when the tenant remains after the termination of the present lease.

It seems to me that this situation presents a splendid, clear-cut illustration of the wisdom of the policy of declaratory judgments. To have the rights and liabilities of the parties clarified, declared and adjusted *before* the expiration of the lease, is of immeasurable advantage to both parties. What the defendant would gain by postponing the settlement of the controversy to a summary proceeding after January 31, 1945, is difficult to fathom.

Even if precedent for this form of action were lacking, section 473 of the Civil Practice Act is ample authority therefor. " Whether or not further relief is or could be claimed " is immaterial. True, the court may decline to entertain the action and leave the parties to other " existing forms of action * * * " (Rules Civ. Prac., rule 212). But to decline to assume jurisdiction here would be to encourage and increase uncertainty, and to delay adjusting what can and should be resolved as speedily as possible.

Actions for declaratory judgment have been held appropriate in cognate cases. (*Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304.)

Professor Borchard of Yale, in his admirable work on Declaratory Judgments ([2d ed.], p. 627 *et seq.*), discusses this identical situation. He says: " A lessor * * * deeming himself entitled to refuse the lessee's demand for renewal on a stated ground but doubtful of his position, * * * may institute an action for a declaration to establish the correctness of his legal position ". Again: " In most of these cases the opportunity of the lessor to know in advance whether the lessee is entitled to a renewal saves him and probably other parties the dangers, losses, and embarrassment consequent upon mistaken action in leasing to another while the present lessee had a subsisting option and privilege of renewal. Further cer-

tainty and stability are thereby assured to all parties to the transaction.''

Summary proceedings after the expiration of the lease would not be as salutary as this form. More, it would be too late. Declaratory judgment is the '' stitch in time '' remedy. It defines and stabilizes rights, averts trouble, and often fends chaos. It is so sensible and apposite here that the defendant's opposition is inexplicable. Surely, it is to defendant's interest to know just where it stands, what its rights are.

The circumstance that factual questions are present does not bar access to the remedy. (*Woollard* v. *Schaffer Stores Co.*, *supra.*) Neither is the right to a jury trial canceled. (Rules Civ. Prac., rule 213; *Emigrant Industrial Sav. Bank* v. *Guarino*, N. Y. L. J., October 13, 1944, p. 867, col. 2.)

The defendant's motion to dismiss is accordingly denied. Order signed.