PHLODUR, INC., Plaintiff, *v.* LEWIS APPAREL STORES, INC., Defendant.

Supreme Court, Special Term, Onondaga County, February 13, 1947.

*M. Harold Dwyer* for defendant.

*Donald J. Ball* for plaintiff.

MALPASS, J. This is a motion by defendant to dismiss the complaint in which plaintiff seeks a declaratory judgment reforming a lease agreement entered into between the parties and declaring the termination date of said lease to be April 30, 1947.

The plaintiff is the owner of certain real property known as 432 South Salina Street, Syracuse, New York, and on May 13, 1944, the defendant and the plaintiff entered into a written lease whereby the plaintiff rented to the defendant a portion of said property described as " The store and basement underneath said store " for the term of one year " commencing September 1st, 1944, and ending midnight August 31st, 1945 ".

On May 29, 1945, the parties entered into a written " Supplement * * * to lease dated May 13th, 1944 " which " Supplement " contained the following clause: " 1. The term of the aforementioned lease shall be extended for a period of two years and eight months, so that instead of expiring on August 31st, 1945, it shall expire on April 30th, 1947."

In its complaint the plaintiff alleges that it was the intention of the parties to extend the original lease to April 30, 1947, and that " the term of two years and eight months was placed in said extended lease by either mathematical or typographical error." The complaint also alleges that the defendant knew that the lease contained the alleged error and never called it to the attention of the plaintiff until September 17, 1946. The complaint further alleges that the defendant contends that the extended lease terminates two years and eight months after August 31, 1945, or April 30, 1948.

The motion to dismiss the complaint is based " upon the ground that it appears on the face of the complaint that the complaint does not state facts sufficient to properly state a cause of action for a declaratory judgment under Rules 106 and 212 of the Rules of Civil Practice."

The whole controversy in this action revolves around the clause hereinbefore mentioned which, in my opinion, includes ambiguous and irreconcilable phrases. The original lease terminated August 31, 1945; the supplemental agreement states " The term of the aforementioned lease shall be extended for a period of two years and eight months." If one were to stop here, it would at once be apparent that the termination of the tenancy would be April 30, 1948. But the supplemental agreement continues and states, " so that instead of expiring August 31st, 1945, it shall expire on April 30th, 1947." It is impossible to determine which date of termination of the lease was intended by the parties without resort to evidence outside of the written agreement.

The authorities are not entirely clear as to whether the existence of disputed questions of fact renders improper an action for a declaratory judgment. (*Rockland Light and Power Co.* v. *City of New York*, 289 N. Y. 45; *Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304; *Davis* v. *Davis & Sons*, 267 App. Div. 691; *151–163 West 26th St.* v. *Brosnan, Inc.*, 183 Misc. 804.)

In this complaint the plaintiff prays for judgment, " Reforming the terms of the supplemental lease, dated May 29th, 1945, between the parties hereto so as to determine that April 30th, 1947 is the date of termination of said lease." It seems therefore that this action may be considered as an action not only for a declaratory judgment but also for reformation of the supplemental lease agreement. The defendant insists that reformation cannot be had because the mistake set forth in the complaint is not alleged to be a mutual mistake on the part of both parties. As before stated, it is apparent that there is a mistake upon the part of the writer of the supplemental lease.

The rule has been long established that an action for reformation of a written contract will lie where there has been a failure on the part of the scrivener to correctly set forth, in the writing, the actual agreement of the parties. (*Pitcher* v. *Hennessy*, 48 N. Y. 415.) Under such circumstances it is not necessary to allege or prove that the mistake was mutual. In *Born* v. *Schrenkeisen* (110 N. Y. 55, 59) the court said: " It is only where the action is to reform the agreement itself that it is required that it should be alleged in the pleading and proved on the trial that the mistake was mutual. Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected." This case was cited with approval in *Hart* v. *Blabey* (287 N. Y.

257). In *Friedman Marble & Slate Works, Inc.,* v. *Whitcomb* (186 App. Div. 509, 511) .the court said: " ' It is true that neither fraud nor mutual mistake is expressly charged, but if the essential facts were fully alleged it was not necessary for plaintiff to characterize them, for the facts constitute the cause of action.''

It is conceded that on this motion to dismiss, the court should consider as true the allegations set forth in the complaint. The rule is that where a plaintiff is entitled to recover on any theory set forth in the complaint, a motion to dismiss should be denied. (*Stark* v. *Howe Sound Co., Inc.,* 148 Misc. 686, 690, affd. 241 App. Div. 637.) Every intendment and fair inference is in favor of the pleading and, '' If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied.'' (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 432–433.)

The motion to dismiss the complaint should be denied and an order to that effect may be entered herein, with costs of $10 to the plaintiff.