WILSON ARCHER et al., Plaintiffs, *v.* SIMON P. AMBRAZ et al., Defendants.

Supreme Court, Special Term, Queens County, September 12, 1947.

*William Meyerson* for plaintiffs.

*MacIntyre, Downey & Ryan* for Arthur R. Nicholson and another, defendants.

*William S. Siemon* for Queensboro Corporation and others, defendants.

HALLINAN, J. According to the complaint the plaintiffs, fourteen individuals, are tenants occupying fourteen separate apartments in five buildings owned by separate corporations who have been made defendants in this action and will be hereafter referred to as the "address corporations". Each of the plaintiffs entered into and continued in possession of his apartment under a lease executed by the defendant, the Queensboro Corporation, as agent for the particular address corporation. It is alleged that the corporate defendants sold, and the individual defendants bought, shares of stock of the five address corporations owning the apartment buildings, and said individual defendants served thirty-day notices upon the plaintiffs purporting to terminate their tenancies. The plaintiffs thereupon instituted this action, in which they seek a declaratory judgment adjudging that the individual defendants are not their landlords and enjoining them from bringing any summary proceedings to recover possession of the apartments occupied by the plaintiffs.

The plaintiffs have moved for an order restraining the individual defendants during the pendency of this action, and until the final determination thereof, from instituting or prosecuting summary proceedings, or any action or proceeding to evict the plaintiffs or to deprive them of their tenancies and occupancies of the apartments described in the complaint, or from performing any acts which directly or indirectly interfere with the plaintiffs' tenancies or occupancies of the premises now occupied by them.

Some of the individual defendants have, by cross motion, challenged the sufficiency of the plaintiffs' complaint upon the ground that it fails to set forth a cause of action, and upon the further ground that this court, in the exercise of its discretion, should not entertain jurisdiction of their alleged cause of action. The remaining defendants urge, in opposition to the plaintiffs' motion, that the owner or purchaser of a co-operative apartment is a landlord of a tenant occupying the same within the meaning of section 1414 of the Civil Practice Act, and that the plaintiffs have an adequate remedy at law; that if and when any one of the individual defendants commences a dispossess proceeding against any one of the individual plain-

tiffs, the Municipal Court of the City of New York will decide the facts and apply the then existing law and the tenants' remedy will be complete and adequate.

It is unnecessary at this time to decide whether the individual defendants are landlords of the individual plaintiffs within the meaning of section 1414 of the Civil Practice Act, for the court is of the opinion that it should retain jurisdiction of this action to declare the rights of the fourteen plaintiffs at one time rather than to relegate them to fourteen separate summary proceedings which may in the *future* be brought against them and in which they may be able to have their respective rights determined by way of defense to each of such proceedings.

Whatever the ultimate disposition of this litigation may be, there is no question that a genuine present controversy exists between the parties concerning their respective rights, and it seems to the court more advantageous to all concerned to have the same determined in one action instead of fourteen separate proceedings. Since no summary proceedings have been commenced, the plaintiffs have not presently available to them any other existing form of action. The plaintiffs should " not be required to sit idly by and await the pleasure of the defendant * * *." (*Kalman* v. *Shubert,* 270 N. Y. 375, 378. See, also, *151–163 West 26th St.* v. *Brosnan, Inc.,* 183 Misc. 804.) The contention that the existence of another remedy bars this action for a declaratory judgment must, therefore, be overruled.

In *Woollard* v. *Schaffer Stores Co.* (272 N. Y. 304) it was held that the Supreme Court may entertain an action for a declaratory judgment notwithstanding the existence of an adequate remedy by another form of action. After stating that resort to a declaratory judgment is usually unnecessary where an adequate form of action already exists, and that it would be an abuse of discretion to entertain jurisdiction when another action between the same parties in which all issues can be determined *is actually pending* at the time of the commencement of an action for a declaratory judgment, the court said at pages 311–312: "We have never gone so far as to hold that, when there exists a genuine controversy requiring a judicial determination, the Supreme Court is bound, solely for the reason that another remedy is available, to refuse to exercise the power conferred by section 473 and rule 212."

It follows that the motion to dismiss the complaint must be denied. The plaintiffs' application for a restraining order,

*pendente lite* is granted to the extent of continuing the stay provided in the order to show cause dated August 28, 1947, upon each of the plaintiffs furnishing an undertaking in the sum of $100.

There should be an early trial of this action, and to that end the court directs the plaintiffs to place the case upon the calendar for trial as soon as the defendants have joined issue. It is presumed that the defendants will wish an early disposition and that they will immediately join issue. Upon the service of the last answer the plaintiffs will serve a note of issue, on at least five days' notice, placing the case on the calendar for the first Monday following such service. The clerk will receive and file such note of issue upon the payment of appropriate fees and place the case on the ready calendar for the date it is noticed for immediate trial, subject to the approval of the justice presiding.

Settle orders on notice.