Walter E. Hart, J.
The lease between Ave. D. Building Co., Inc., defendant’s predecessor in title, as lessor and plaintiff as tenant provides as follows: “18. That if the Landlord should sell said premises, prior to the expiration of this lease and the purchaser thereof desires possession of said premises, then and in that event, the Tenant will cancel this lease and surrender possession of said premises, and will execute an instrument to effect a proper cancellation of this lease and surrender of the demised premises upon receiving 60 days written notice of the cancellation of this lease, by registered mail aforesaid to the Tenant to the premises herein demised, and the security deposited with the Landlord as aforementioned shall be returned to the Tenant.”
The complaint in this action for declaratory judgment alleges that on or about January 1, 1959 the Ave. D. Building Co., Inc., conveyed all its right, title and interest in the premises to *601 defendant who on January 29, 1959 notified plaintiff of its purchase and purported to cancel and terminate the agreement pursuant to paragraph 18 of the lease and demanded possession of the premises by March 31, 1959. On February 3, 1959 plaintiff advised defendant that it had elected to exercise its option to renew for five years in accordance with the provision of the lease. On February 13, 1959 defendant, in writing, advised plaintiff that it considered the exercise of the option ineffective because of the prior election by defendant to cancel the lease as of March 31, 1959. It is plaintiff’s position that the notice of cancellation was ineffective since the notice of termination was not sent by the Ave. D. Building Company, Inc., prior to its conveyance of the premises to defendant and that only that corporation, as prior landlord, had the legal right to terminate the lease pursuant to paragraph 18 thereof and that defendant has no present right to terminate its lease.
Plaintiff in the prayer for relief requests that it have judgment interpreting the terms of the lease, particularly paragraph 18, and further declaring that plaintiff has properly exercised its option to renew. Plaintiff also seeks an injunction restraining defendant from instituting proceedings for the eviction of the plaintiff.
Defendant presently moves to dismiss the complaint for insufficiency or, in the alternative, that pursuant to rule 212 of the Rules of Civil Practice, the court decline jurisdiction.^
While it would appear that there is merit to defendant’s contention that the complaint is dismissable under subdivision 4 of rule 106 of the Rules of Civil Practice for insufficiency, the court feels bound by the decision of the Appellate Division, Second Department in Furio v. Smith (272 App. Div. 941). The cancellation clause involved herein does not by its terms require that the notice be served by plaintiff’s lessor. It contemplates that the notice be served after a sale, and the requirement that the purchaser desire possession (not necessarily for himself). Certainly by its terms the notice may not be served by the original lessor prior to an actual sale, nor by the lessor after he has alienated title. However, the court finds that the holding in the Furio case {supra) is controlling. The record on appeal in that case discloses that the cancellation clause was identical with the one here present and that notice there, too, was served by the purchaser subsequent to the transfer of title, and not by the landlord. The Appellate Division of the Second Department reversed a final order in landlord’s favor and dismissed the petition, stating that the service in that case by the purchaser was ineffectual to terminate the tenancy.
*602 The substance of defendant’s argument insofar as it relates to the request that the court decline jurisdiction is that plaintiff’s contentions relating to the ineffectiveness of the notice of cancellation may be interposed in defense of the summary proceeding which was instituted after the commencement of the instant action. It is urged, therefore, that the declaratory judgment is unnecessary and jurisdiction should be declined and the complaint dismissed. This argument, however, clearly overlooks the other prime issue presented by the pleadings, namely, whether plaintiff has effectively exercised the option afforded by the lease of renewing same for a period of five years. Should the court on the instant motion decline jurisdiction of the action so that the summary proceeding would come on for trial, if plaintiff were to prevail on its defense that the lease was not effectively cancelled, the Municipal Court would be without jurisdiction to determine or declare whether the option renewal was effectively exercised by the plaintiff. It is apparent, therefore, that a declaratory judgment in this case would serve a practical purpose in stabilizing disputed jural relations as to present and future obligations. (Woollard v. Schaffer Stores Co., 246 App. Div. 157, mod. 272 N. Y. 304; Colson v. Pelgram, 259 N. Y. 370; Newburger v. Lubell, 257 N. Y. 383; James v. Alderton Dock Yards, 256 N. Y. 298; Utica Mut. Ins. Co. v. Beers Chevrolet Co., 250 App. Div. 348; City of New York v. Maltbie, 248 App. Div. 39.) There are many precedents which hold that in actions for declaratory judgment with respect to the rights of parties stemming from lease agreements, jurisdiction should be assumed. (Simco Retail Stores of N. Y. v. Gross Constr. Co., 273 App. Div. 825; Woollard v. Schaffer Stores Co., 246 App. Div. 157, mod. 272 N. Y. 304, supra; Trustees of Columbia Univ. v. Kalvin, 132 Misc. 601; Shore v. Robinson, 247 App. Div. 846; Fidelity & Columbia Trust Co. v. Levin, 128 Misc. 838, affd. 221 App. Div. 786, affd. 248 N. Y. 551; 9506 Ditmas Ave. Corp. v. Brescia, 270 App. Div. 1031; Levco Theatre Corp. v. Mandy Amusement Corp., 262 App. Div. 776 [2d Dept.].)
Moreover, since the present action was pending at the time of the commencement of the summary proceeding, the institution of such proceeding cannot serve to oust this court of jurisdiction. (Colson v. Pelgram, 259 N. Y. 370, supra; Woollard v. Schaffer Stores Co., supra; Obedin v. Masiello, 4 A D 2d 705.)
Accordingly, defendant’s application to the discretion of the court to decline jurisdiction is denied.
Plaintiff is presently moving this court for an injunction pendente lite restraining defendant from prosecuting the summary proceeding instituted by it or, in the alternative, for an *603 order consolidating the summary proceeding commenced by defendant with the instant action pursuant to section 1426-a of the Civil Practice Act. This statute provides: “ A proceeding under this article brought in any court other than the supreme court, may be consolidated with an action in the supreme court and may be removed thereto upon order of the supreme court on such terms and conditions as may be just and proper.”
The statute was adopted upon the recommendation of the Judicial Council which in its Seventh Annual Report (1941) stated (p. 458):
“ The present rule has occasioned injustice in the situation in which a tenant has a claim for affirmative equitable relief which would constitute an equitable defense to the summary proceeding brought against him. Summary proceedings are generally brought in courts of limited jurisdiction which have no power to award affirmative equitable relief; and in a number of cases a tenant with an equitable claim has defaulted in the summary proceeding without asserting his claim by way of defense — whether because he could not obtain affirmative relief in the summary proceeding, or because he did not really contest the landlord’s right to possession, or for some other reason — and he has found himself barred by the final order from asserting his claim in a plenary action. * * *
‘ ‘ Aside from the element of injustice in particular cases, the effect of these rulings is to compel the tenant, unless he can obtain an order staying the summary proceeding or consolidating it with the plenary action, to litigate his claim in the court of limited jurisdiction in which the summary proceeding is pending, even though he may feel that his claim is sufficiently important to warrant the careful consideration of a court of general jurisdiction such as the Supreme Court. Moreover, if the tenant should set up his equitable claim as a defense to the proceeding, it would be necessary for him, even if the defense were sustained, to resort to an action in a court of competent jurisdiction, such as the Supreme Court, to obtain the affirmative relief he seeks.”
Patently, the instant situation is one which the Judicial Council envisaged when it submitted its report. The plaintiff in the Municipal Court could have no judicial declaration of the validity of the exercise of its option. The jural relations of the parties with respect to the agreement of lease would remain unstable if consolidation were denied. Plaintiff would be uncertain as to.its rights under its lease and as to its ability to continue to maintain its operations as a going business at the premises. Under the circumstances here present and the further circum *604 stance that common questions of law and fact are involved, the motion insofar as it seeks consolidation is granted. (Levy v. Van Dorn Hotel Corp., 60 N. Y. S. 2d 795; cf. Archer v. Ambras, 190 Misc. 87.) Moreover, defendant is not prejudiced by consolidation. The equity calendar of this court is current and the cause may be readily disposed of at the term for which it is noticed, particularly since there appear to be no issues of fact.
If the parties are so advised the order to be entered hereon may provide for placing the case on the day calendar at Special Term, Part III for a date certain. Defendant is allowed 10 days within which to answer.
Settle orders on notice.