Mario Pittohi, J.
Defendants move, pursuant to rule 112 of the Buies of Civil Practice, for judgment on the pleadings on the ground that the complaint is insufficient to constitute a cause of action for declaratory judgment.
This is an action by a tenant against the landlords (defendants Gordon Properties, Inc., and Hannah Estates, Inc.) for an alleged improper construction of an industrial building, now occupied by the tenant pursuant to a 20-year lease. Plaintiff claims that the grade floor of the premises became damaged and began to crumble, shake and vibrate; that it became unsafe due to improper plans, specifications and construction by defendants; that one of the heating units exploded by reason of improper construction; that the entire heating system is unsafe; and that the sprinkler system does not comply with requisite specifications, thus making it unsafe and causing plaintiff increased insurance premiums over what plaintiff would have had to pay if it were constructed in accordance with the specifications. Defendant landlords disclaim any responsibility for these conditions. Defendant bank holds the first mortgage on the premises, and is also assignee of the lease for purposes of security. Plaintiff, in addition to pleading the above cause of action for breach of contract, also pleads causes of action for fraud and for wrongful inducing of breach of contract. Plaintiff, instead of seeking the types of relief usual to those causes of action, seeks a declaratory judgment which asks the court to decide whether plaintiff should seek rescission, damages, specific performance, or constructive or actual partial eviction.
Declaratory judgment in this case is inappropriate. (Gottlieb v. Weiss, 277 App. Div. 988 [2d Dept.].) In that case the court, in affirming a dismissal of a complaint, stated (p. 989): “ The appellants are not asking the court to declare their legal rights, but are asking advice as to whether or not they have one or more causes of action against respondents, which they should choose, and their probable success therein. An action for a declaratory judgment may not be resorted to for such a purpose. *7 (Todd v. Board of Educ. of City of Syracuse, 272 App. Div. 618; Latham v. Hollands, 172 Misc. 189 ; De Camp v. 147 East 50th St. Corp., 163 Misc. 584.) ”
Furthermore, the right to a declaratory judgment is discretionary; and this court may decline jurisdiction (Rules Civ. Prac., rule 212) where existing forms of action are reasonably adequate to protect the interests of the plaintiff and there is no necessity for seeking a declaratory judgment (Newburger v. Lubell, 257 N. Y. 383 ; James v. Alderton Dock Yards, 256 N. Y. 298; Balkan Demolition Co. v. Yorkshire Ins. Co. of N. Y., 3 A D 2d 902; American News Co. v. Avon Pub. Co., 283 App. Div. 1041). Plaintiff has traditional remedies available; among others, it may sue for damages for breach of lease, for breach of covenant of quiet enjoyment, for constructive eviction, or it may remain in possession and sue for any breach, or it may make repairs and sue for reimbursement.
There are also present in this action numerous factual issues. While the existence of fact issues is not a defense to a declaratory judgment action (Teperman v. Amron, 7 A D 2d 857 [2d Dept.]), it is a factor that the court may consider in declining jurisdiction (Seventy-Nine Delancey Corp. v. Meridan Holding Corp., 286 N. Y. 354, 357; Davis v. Davis & Sons, 267 App. Div. 691, 694). In this case the numerous factual issues overshadow any questions of law, and command a declination of jurisdiction in this action which demands a detailed, two-page, single-spaced declaration of “ rights and legal relations of the parties ”.
In summary, the plaintiff is not entitled to have the court act as advisory counsel on these numerous issues stated in the detailed request for declarations. The plaintiff has its legal remedies; it can bring an action for one or more of the traditional remedies.
The defendants’ motions for judgment on the pleadings and dismissing the complaint is granted, with leave to serve a new complaint within 20 days after the date of the order to be entered herein.