Mario Pittoni, J.
In this action for judgment declaring rights with respect to a lease, plaintiff moves to remove to this court and consolidate with this action a summary proceeding whereby the defendant in this action (as landlord) seeks to remove the plaintiff herein (as tenant) for alleged defaults under the leasze. The defendant herein cross-moves to dismiss the complaint on the theory that it is demonstrated that there is no necessity for a declaratory judgment.
*101 The written lease in question was executed in 1950 between William A. Frame, as landlord, and Lakehill Associates, Inc., as tenant. Frame died on or about June 23, 1961. The complaint alleges that about May 1, 1960 Frame and the tenant agreed to a reduction of rent. After the death of Frame, his executors and trustees asserted the right to collect rent at the rate provided by the lease. In November, 1961 one of the executors served the tenant with a notice of default in payment both of rent and taxes. About December 15, 1961 this action for a declaratory judgment was begun. It, however, seeks to have determined only the issue of default in rent. On or about December 18,1961 (but subsequent to the commencement of this action), the landlords commenced a summary proceeding in the District Court to remove the tenant as a holdover following the alleged cancellation of the lease for failure to pay rent and taxes.
It is apparent that, the action for a declaratory judgment having been first commenced, this court is not ousted of its jurisdiction by the proceeding later brought in the District Court and that the situation is an appropriate one for a declaratory judgment (Morlee Sales Corp. v. Manufacturers Trust Co., 16 Misc 2d 599). Furthermore, the action and proceeding should be consolidated and disposed of as a single litigation. (Griscti v. Mortgage Comm., 249 App. Div. 632.)
The cross motion to dismiss the complaint is denied and the motion to remove the proceeding to Supreme Court and consolidate with the action is granted.