Frank S. McCullough, J.
This is a motion for summary judgment in an action for replevin. The plaintiff alleges that he is the rightful owner of a large sum of money which is presently in the custody of the Chief of Police of the City of New Rochelle, who is named as codefendant with the District Attorney of Westchester County.
It appears that on April 14,1963 information came to the attention of the District Attorney’s office that a 16-year-old boy and three younger boys had entered the cellar of a private home in New Rochelle on April 5, 1963 and removed a metal container containing approximately $60,000. The money was soon recovered and was turned over to the defendant Police Chief since the alleged burglary occurred in the City of New Rochelle. After the information with respect to the theft had been communicated to the authorities by one of the alleged offenders, police officers of the New Rochelle Police Department, together with an Assistant District Attorney, visited the home which was the scene of the theft to inquire about the money and the alleged burglary. The home is owned by one Mario Lalli. At the time the police called, according to the affidavit of an Assistant District Attorney, the plaintiff William Lalli was in the house. He informed the authorities that he was the son of Mario Lalli, that he was married and lived in an apartment in the City of Yonkers with his wife and child, and that he was the owner of the moneys that were stolen.
In his affidavit in support of the motion the plaintiff alleges the following:
‘‘ With the remains of a cash wedding present from my father, I gambled on the horses at Yonkers Raceway during the last *990 couple of months, was lucky, and won a substantial amount of money.
‘11 accumulated $63,100.00 and I placed this money, in $100 bills, $50 bills and $20 bills in a tin box which I hid in the cellar of my parents’ home at 135 Daisy Farms Road. On Thursday, April 11, 1963,1 found out that this money had been stolen from me from the said 135 Daisy Farms Road, by four teenage boys, who were friends of my young brother Robert. ’ ’
The defendants oppose the motion on several grounds. They contend that pursuant to sections 685 and 686 of the Code of Criminal Procedure that the subject funds should be held subject “ to the order of the Magistrate ” to direct disposal thereof, as set forth in said statutes. The defendants also assert that the circumstances of the burglary and the theft and the source of the moneys are still being investigated and the moneys being held as evidence in connection with the crimes charged. Finally, .the defendants argue that there is insufficient proof, other than the bald statement of the plaintiff, that said moneys are in fact his. The court, on its own initiative, has inquired as to the circumstances with respect to the criminal proceedings arising out of the alleged theft and it is apparent that all such proceedings have now been completed. In view of the disposition of the criminal proceedings, it would appear that sections 685 and 686 of the Code of Criminal Procedure no longer present a barrier to the civil action for replevin. As is stated in Carmody-Wait, Mew York Practice (vol. 13, p. 162): “ Provided the things or articles are not contraband, however, the owner’s right of possession is reinstated after the conviction or acquittal of the accused, since the property is no longer required by the state as evidence and the owner may thereupon replevy the goods.”
In addition, the court notes the language in Duboff v. Haslan (195 App. Div. 117, 126): “but these statutory provisions do not bar the ordinary remedy afforded to an owner to regain possession of his property, which is not held or temporarily required as evidence. ’ ’
Thus, the court need not decide whether the procedure recited in sections 685 and 686 of the Code of Criminal Procedure is exclusive. In the opinion of the court the right to bring an action in replevin without resort to an application pursuant to said sections of the Code of Criminal Procedure is clearly available.
In the light of the foregoing, the court is of the opinion that the motion for summary judgment should be granted if there is no question of fact with respect to the plaintiff’s right of possession of the subject funds. Here, the papers in support of the *991 motion are limited to an affidavit by the plaintiff, wherein he states unequivocally that he is the owner of the money. Neither the District Attorney, nor the Chief of Police makes any claim of ownership to the moneys, either in themselves or in any third persons, except that the District Attorney states: ‘ ‘ On information and belief, from a source or sources, your deponent is. led to believe that a witness or witnesses, who were questioned concerning the source of and title to the money in question, indicated that it is the property of Mario Lalli, and not of plaintiff in this action.”
With respect to this statement, the court notes that the mere allegation of a suspicion, merely raising conjecture, is far too vague to merit the court’s indulgence.
Nevertheless, the court is reluctant to grant the remedy of summary judgment merely on the unsupported statement of the plaintiff, particularly in the light of his rather unusual explanation. Although he attributes the original source of the moneys to a gift from his father, there is no allegation with respect to the amount of such gift, nor does there appear to be an affidavit from the father confirming the making of such gift, nor the amount thereof.
Mr. Justice Shientag in his treatise on “ Summary Judgment ” (p. 83) covered the circumstances presently confronting this court: “ If the facts on which the application for summary judgment is based are exclusively within the knowledge of the moving party, the relief asked for will be denied. If this were not so, summary judgment would be a perversion of justice, instead of a furtherance thereof.” (See Quigley v. Fitts, 57 N. Y. S. 2d 16.)
The moving papers contain no supporting affidavit from the father, the owner of the premises in which the money is alleged to have been concealed, that he makes no claim for the money nor is there an affidavit from the father substantiating the allegation of the son that a portion of the money represents the proceeds of a wedding gift from the father.
Accordingly, the motion is denied with leave to renew upon papers which shall contain supporting affidavits.