James H. O’Connor, J.
On or about September 17, 1969 the plaintiff in the above action, together with a companion, discovered a sum of money in excess of $3,750 in United States currency at a dumping ground owned by one Charles A. Collins, Sr., in the Town of Lansing, Tompkins County, New York. The plaintiff alleges that he had a verbal agreement with the owner of the dumping ground which granted him permission to enter into the dumping area at any time to recover and collect such items of junk, metal, wood, etc. as might be disposable by sale. It is alleged that the items recovered would become the plaintiff’s property and that he paid therefor a certain monthly rental to Collins for these “ picker rights ”. He claims that the currency was found scattered throughout an abundance of garbage and other materials deposited in said dump by vehicles of the owner and perhaps other people. Collins has made no claim to ownership in the money. Believing that the money had been abandoned and not being aware of section 251 of the Personal Property Law of the State of New York, the plaintiff took the money home with him. A few weeks later two officers of the Ithaca, New York Police Department interviewed the plaintiff concerning his discovery of the money. At the second interview, plaintiff acknowledged that he had found some money among the garbage at the dump. He thereupon appeared at the New York State Police substation at Varna, New York and turned over the sum of $3,750 to defendant William L. Pettit, a New York State Police Zone Sergeant, in order to comply with section 251 of the Personal Property Law. On February 9, 1970 the plaintiff was indicted for grand larceny, second degree, said indictment based upon the ground that the plaintiff had appropriated to himself “ lost property ”. Thereupon the plaintiff commenced this action on February 13, 1970, within six months of the finding of the money, seeking a declaratory judgment that the money he found was abandoned and hence without the operation of section 251 of the Personal Property Law. A motion was thereupon brought by the *765 Attorney^General of the State of New York to dismiss the complaint upon the ground that a defense is founded upon documentary evidence, that the court does not have jurisdiction of the subject matter, that the complaint fails to state a cause of action and that the court should not proceed in the absence of a person who should be a party.
After the service of the motion papers plaintiff’s counsel learned that the money had been turned over to Matthew F. McHugh, District Attorney, Tompkins County, for use as evidence in the larceny action. A motion was thereupon brought requesting an order of this court to join Matthew F. McHugh as a party defendant, since he is the person having custody of the money.
There are basically two questions which this court must answer in arriving at a decision. First, does the court have jurisdiction over the subject matter in question? Sections 685 and 686 of the Code of Criminal Procedure provide for the retention and disposition of property alleged to have been stolen which comes into the custody of a peace officer. Section 685 requires a peace officer into whose custody such property has been given, to hold it subject to the order of the Magistrate described in section 686. Section 686 authorizes a Magistrate before whom the information is laid to deliver the property to the lawful owner. Since the criminal proceedings have not yet terminated it is the contention of the Attorney-General that this court has no jurisdiction to determine the status of the moneys and the return thereof to the plaintiff, or that at least the court should not exercise its discretion in determining the status of the moneys at the present time. In Lalli v. McCaffrey (39 Misc 2d 988, 990) the court by dicta indicated that a replevin action is maintainable in such a situation notwithstanding the fact that another remedy is available under sections 685 and 686 of the Code of Criminal Procedure.
It is this court’s decision, therefore, that it has jurisdiction to entertain an action to determine the status of the moneys in question even though the criminal proceedings concerning the same moneys are now pending. This is especially true where there is no showing that the moneys are intended to be introduced as items of evidence in the criminal prosecution and this court knows of nothing unique about United States currency which would require its retention by the prosecution in a pending criminal action.
Second, the court must decide whether, in the exercise of its discretion it will entertain an action for declaratory judgment *766 pursuant to CPLR 3001. It is well established that jurisdiction to render a declaratory judgment is discretionary in character. (Bareham v. City of Rochester 246 N. Y. 140.) In fact, the statute provides that the Supreme Court “may” render a declaratory judgment. This clearly indicates the discretionary nature of the remedy. Where the facts involved are undisputed and pure questions of law are presented the court undoubtedly will exercise its discretion to render a declaratory judgment. (Dun & Bradstreet v. City of New York, 276 N. Y. 198.) However, where there are disputed questions of fact the court in the exercise of a sound discretion may decline to do so. (Castro Convertible Corp. v. Gordon Prop., 28 Misc 2d 5.)
The plaintiff claims that there are no disputed facts since the property involved is clearly abandoned having been discovered in a dump amid junk and garbage. If the property is declared to be abandoned then of course it would be exempt from the provisions of section 251 of the Personal Property Law and the presumption contained in such statute would have been overcome.
The abandonment of property and the rights of the finder therein are succinctly stated in the case of Foulke v. New York Cons. R. R. Co. (228 N. Y. 269, 273),wherein the court stated: “ The abandonment of property is the relinquishment of all title, possession or claim to it — a virtual intentional throwing away of it. It is not presumed. Proof supporting it must be direct or affirmative or reasonably beget the exclusive inference of the throwing away. Abandoned property is owned by him who takes it into his ownership.” (See, also, 1957 Report of N. Y. Law Rev. Comm., p. 367 et seq.)
Usually the issue of abandonment presents a question of fact to be determined by all the facts and circumstances surrounding the finding. (1 Am. Jur. 2d, Abandoned, Lost and Unclaimed Property, § 39.) It would strain credulity to believe that $3,750 in currency was abandoned by its owner but the facts surrounding the finding might so prove. Those facts ,are not amplified here and a plenary trial should reveal them.
In Hurley v. City of Niagara Falls (30 A D 2d 89) the Appellate Division, Fourth Department determined that $4,990 found in the basement of a defendant’s home by a contractor behind a block of wood was “ lost property” within the meaning of article 7-B of the Personal Property Law. Having delivered the money to the police authorities for the proper statutory period, the contractor was held to be the finder thereof and *767 title was determined to have vested in him. The court in that case was not attempting to distinguish between lost and abandoned property which is the distinction presented in the instant case, but it did hold that under those facts the property was lost. In the present posture of the facts presented on this motion, it is this court’s decision that the complaint he dismissed. Belief by way of a declaratory judgment is not appropriate in light of the disputed fact situation as to the character of the moneys found. (Castro Convertible Corp. v. Gordon Props., 28 Misc 2d 5, supra.) The plaintiff has traditional remedies available and could sue under the theory of replevin or conversion. Therefore, the defendant’s motion is granted dismissing the complaint with leave however, to serve a new complaint within 20 days after the date of the order to he entered herein. The new complaint may include as a party defendant, Matthew F. McHugh, District Attorney, Tompkins County, New York. (CPLR 1003.)