Henry Epstein, J.
This is an action for a declaratory judgment that an automobile insurance policy is void by reason of false statements by the insured applicant. Findings and conclusions were waived. The only defendant appearing to contest the merits is an injured passenger, a young man, William Teiner, whose mother, Anne Teiner, was, by consent of counsel to appear as guardian ad litem. Only one other defendant was served, the insured Inga Olsen. She defaulted. The other two defendants were not served. Plaintiff is the successor to the original insurer, the London and Lancashire Insurance Co. Ltd., all of whose assets and liabilities were assumed by the instant plaintiff. This action is based on the thesis that the insured Inga Olsen deliberately and with intent to mislead the insurer misrepresented (a) that she owned the vehicles insured, (b) that she knew how to operate a motor vehicle, and (c) that she did not intend I lie vehicle involved to be used by her infant son.
*744 The application signed by the insured (and defaulting defendant), plaintiff’s Exhibit 3-A, correctly answered the questions relating to prior insurance, prior ownership and prior accidents. This application was made out and accepted by the insurer’s concededly duly authorized agent with full authority to accept such insurance. Said agent, James I. Bruyn, indorsed the application and appended his own signed recommendation for a preferred rating. The application and the “binder”, or insurance acceptance prior to policy issuance by the insurer, are dated May 1, 1957. Two cars were thus insured, a 1938 four-door Pontiac sedan (used by an adult son of the insured Inga Olsen) and the car involved herein, a 1947 Plymouth sedan, the latter purchased by the infant son, Boy Olsen, for $90. The purchase was made by the mother, the insured, because of the age of her son Boy. He had a junior license at the time, forbidding driving after dark.
On May 2, 1957, between 7:00 and 7:30 p.m. (daylight saving being in effect at the time) Boy Olsen drove the Plymouth sedan for a trial, taking along as his passenger his friend defendant William Teiner. A ‘ ‘ drag race ’ ’ with some friends and the accident leading to defendant Teiner’s injury resulted. Pending is an action by defendant Teiner against the defaulting defendant Inga Olsen, owner and insured. That action is not before this" court and is sought to be foreclosed by this action for a declaratory judgment to void the policy ab initio. The signed statements of defendants Inga and Boy Olsen (dated May 13, 1957), procured by the insurer’s investigator, constitute the sole evidence to support plaintiff insurer’s claim that the application constituted the fraudulent basis for the insurance. That claim of this plaintiff is thoroughly destroyed by the written evidence of plaintiff insurer’s own duly authorized agent, James I. Bruyn. Plaintiff’s Exhibit 8 is a letter in memorandum form to the insurer from the agent Bruyn, dated May 1, 1957 and accompanying the Olsen application for insurance. In that written recommendation, accepting the application for a “preferred risk”, plaintiff insurer’s agent states (a) that “ Mrs. Olsen, age 53, has been driving for many years with no previous accidents. Both of the insured cars have recently been inspected and found in good shape by a New Torh State official inspecting garage. Mr. Olsen, a carpenter, does not use either of the insured automobiles in his business as they are strictly pleasure cars for Mrs. Olsen’s use.” (Emphasis supplied.)
There is not one piece of evidence or testimony to support this voluntary “ puffing ” statement by the insurer’s authorized *745 ■ agency. u We believe that this represents a good underwriting risk ” is his conclusion. The insured Inga Olsen made no such statements in her application and this basis for the insurer’s granting a preferred rating is made out of whole cloth by the insurer’s own agency. In fact plaintiff’s Exhibit 4, the insured Inga Olsen’s own statement procured and introduced by plaintiff insurer, expressly gives the lie to this memorandum by the insurer’s agency. Under the circumstances, therefore, the insurer here seeks to evade a responsibility assumed on its behalf by its own agency and recommended by its agency on said agency’s own false statements — not the false statements of the insured. The insurance was terminated by notice dated June 27, 1957. This cannot be permitted to allow the insurer to avoid its liability (if any) to the injured passenger, William Teiner, who suffered spinal injuries. Such cases as approximate the instant action support the defendant Teiner’s position in this action for declaratory judgment. (Utica Mutual Ins. Co. v. Beers Chevrolet Co., 250 App. Div. 348; Lumberman’s Mutual Cas. Co. v. McIver, 27 F. Supp. 702 — cert. denied 311 U. S. 655.) Nor is there an iota of evidence to indicate that the insured Inga Olsen, or her son, Roy Olsen (not served), would have been hostile witnesses. Nor is there any explanation for the failure to produce James I. Bruyn, the insurer’s own agent, whose recommendation is belied by the insured’s own statement.
In this action for a declaratory judgment the fair import of all the facts before the court and the evidence of any credible character drive to the conclusion that the declaratory judgment sought must be denied on the merits. Complaint dismissed, with costs to defendant Teiner.